HUTCHINS and CARY <em>against</em> FITCH.

Where a justice
issued a warrant
against two de-
fendants, one of
whom was ta-
ken, and the
other returned
not found; and
the defendant

IN error, on *certiorari*. *Fitch* brought a suit against *Hutchins* and *Cary*, before the justice, by warrant. *Hut-chins* was returned taken, and *Cary* not found, and *Hut-chins* agreed to go to trial. *Fitch* declared on a promissory

taken pleaded to the action, and a *venire* was issued, which named him alone without taking notice of the other defendant, the *venire* was held sufficient. The statute merely requires that the judgment must be against both joint debtors, and is silent as to the intermediate pro-ceedings.
Where a suit was brought on a note to *A.* or bearer, and the defendant pleaded a former suit on the same note brought against him by *A.* and a judgment in favour of the defendant, it was held not to be a bar to the second suit, unless the defendant also proved, that *A.* was the rightful owner or possessor of the note.

note given by both defendants to *Joseph Rundle* or bearer, for 25 dollars, payable on demand. *Hutchins* pleaded *non assumpsit*, and a jury, at the request of the plaintiff, was called. In the *venire*, *Hutchins* alone was named as defendant, no mention being made of *Cary*. The note was proved against both defendants. It was proved, that an action had been brought and tried before another justice, on the same note, between *Joshua Fitch*, plaintiff, and *Hutchins* alone, defendant, in which the jury found a verdict in favour of *Hutchins*, for 6 cents. The jury, in this case, found for the plaintiff below, for the amount of the note, on which a judgment was rendered by the justice.

The cause was submitted to the court, without argument.

*Per Curiam.* 1. The plaintiffs in error object, that the *venire* did not mention the name of *Cary*, the other defendant, a joint debtor, who was not taken on the warrant. But as the act for the recovery of debts to the value of 25 dollars, says, that the joint debtor taken, shall answer to the plaintiff; and as he alone pleaded and joined issue with the plaintiff, the *venire* was sufficient. The mention of the name of the other joint debtor would have been matter of form only, and is cured by the verdict. The statute has expressly required, that the *judgment* shall be against both the debtors, against the one not taken, as well as the one taken and brought into court, and is silent as to the intermediate proceedings. The return of the justice does not state explicitly the form of the entry of the judgment, but, as no exception has been taken to the return in this respect, we are to presume that the entry of the judgment was correct.

2. Another objection is, that though a former trial and judgment for the same cause of action, was given in evidence to the jury, yet they found a verdict for the plaintiff. The former suit was in favour of one *Joshua Fitch*; but it does not appear, from the return, what evidence *Joshua*

*Fitch* gave, on the trial of the former cause, that he was the owner or bearer of the note in question. The verdict in the former cause may have been against *Joshua Fitch,* and yet be no bar to the present suit, it not being between the same parties, nor brought by the rightful owner of the note. To render the former judgment a bar, it ought, at least, to have been shown, that the former suit was by the real owner of the note. That does not appear; for nothing concerning it is stated in the return; and as the jury have found for the plaintiff below, notwithstanding the plea, the court are of opinion, that the judgment must be affirmed.

*Judgment affirmed.*