MYERS and BELLINGER *against* MORSE.

This was an action of *assumpsit*. The declaration contained two counts:

1. For money paid, laid out and expended by the plaintiffs, to the use of the defendant. 2. That on the 19th of *May*, 1815, the plaintiffs were liable as the endorsers of a certain promissory note drawn by *Horace Morse*, and made payable to the plaintiffs, at the bank of *Utica*, and by the plaintiffs endorsed to the bank; that the plaintiffs were holders, as endorsees, of a certain other promissory note, drawn by *Horace Morse*, and made payable to the defendant at the bank of *Utica*, which note the defendant had before the day above mentioned endorsed to the plaintiffs : and that the plaintiffs, at the special request of the defendant, promised the defendant that they would not require from him the payment of the money mentioned in the said note ; and the defendant, in consideration thereof, on the same day, promi-

In an action of *assumpsit*, where the declaration sets forth an agreement to answer for the debt, default or miscarriage of a third person, the defendant may plead the statute of frauds, specially, in bar. Where the plaintiff promises not to require from the defendant the payment of a certain note, in consideration of which the defendant promises to indemnify the plaintiff from one third of all loss in conse-

quence of his endorsement of certain notes for a third person, this is not a case within the statute of frauds, here being a new and original consideration moving between the contracting parties.

A declaration in *assumpsit*, stated a promise from the plaintiffs to the defendant not to require the payment of a certain note, endorsed by the defendant to the plaintiffs, in consideration whereof the defendant promised the plaintiffs to indemnify them from one third of all loss which they might sustain in consequence of their endorsement of certain notes for a third person ; that the plaintiffs had never required payment of the note, and that they had sustained a loss to a certain amount : Held, that the declaration was bad, in not stating that the third person was insolvent, otherwise there was no consideration for the defendant's promise, either of benefit to himself, or of loss to the plaintiffs : besides, the insolvency of the maker of the notes must be averred, because the promise of the defendant must be construed to mean that he would pay one third part of the loss, provided it could not be recovered of the maker of the notes, and not merely that the defendant should be liable, in the first instance, for one third of the loss.

sed the plaintiffs to indemnify them from one third of all loss which they might sustain in consequence of their having endorsed any note or notes for *H. M.* in the *Utica* Bank. The plaintiffs averred that they have not required payment of the said note, but have cancelled the same, and that they have sustained a loss to the amount of 600 dollars, in consequence of having endorsed the said notes for the said *H. M.* of which the defendant had notice, and that by reason of the premises, he became liable to pay to the plaintiffs 200 dollars, being the third part of the said loss, when requested; and that the defendant being so liable, promised &c. and although often requested, hath not paid, &c.

The defendant pleaded, 1. *Non assumpsit.* 2. To the second count, that the plaintiffs ought not to have and maintain their action, because, by the statute of frauds, it is enacted, that no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of any other person, unless such agreement, or some note or memorandum thereof, shall be in writing, and signed by the party, to be charged therewith, or some other person by him thereunto lawfully authorized; that the plaintiffs have brought their action for the default of *H. M.* and for no other purpose whatever, and that there is no agreement in writing, touching the promise of the defendant, or memorandum or note thereof, &c. To the second plea there was a general demurrer, and the defendant joined in demurrer.

The cause was submitted, on the points stated to the court, without argument.

SPENCER, J. delivered the opinion of the court. The first objection taken to the plea is, that it amounts to the general issue, and is therefore bad. It may well be doubted whether the plaintiffs can avail themselves of this objection under a *general* demurrer. (1 *Chitty's Pl.* 498. and the cases there cited.) But upon principle, the plea is well pleaded, if the promise laid in the second count, is not a valid promise, unless it be in writing. The rule is this, in an action of *assumpsit*, matter which shows that no such contract was made, cannot be pleaded; but matter which admits the contract as laid, but shows that it was not binding in point of

NEW-YORK,
October. 1818.

MYERS
v.
MORSE.

law, may be pleaded, because, it being matter of law, it is proper to show it to the court. (1 *Chitty's Pl.* 497. 499. *Bacon's Abr. Plead.* G. 3 *Gilb. C. P.* 62. 66 )

This opens to the inquiry, whether the promise set forth in the second count is within the statute of frauds and perjuries or not. I think this a case not affected by that statute, for according to the principle laid down in the case of *Leonard* v. *Vredenburgh*, (8 *Johns. Rep.* 39.) where the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties, it is not a case within the statute. In the case of *Skelton* v. *Brewster*, (8 *Johns. Rep.* 376.) the same principle was again adopted by the court.

The plea, then, is undoubtedly bad ; but though bad, it authorizes the defendant to go back and examine the declaration, to see if that be good.

Although the defendant's promise is not a collateral, but an original one, there must be a consideration for that promise ; this is stated to be the defendant's liability, as an endorser on a promissory note, given by *Horace Morse*, payable to the defendant, and endorsed by him, which note came to the plaintiffs by endorsement; and on their promising the defendant not to require of him the payment of that note, the defendant, in consideration of the premises, promised to indemnify the plaintiffs from one third part of all the losses, in consequence of endorsing, or having endorsed, all notes of *Horace Morse ;* and the *gravamen* of their case is, that they paid 600 dollars, in consequence of endorsing *Morse's* notes.

The defendant was only contingently liable to pay the note he had endorsed for *Morse*, that is, on the failure of the maker to do so. It ought to have been stated that *Morse* was insolvent, and unable to pay that note, or else there is no consideration for the defendant's promise, either of benefit to him, or loss to the plaintiffs. The allegation that the plaintiffs have sustained a loss by endorsing *Morse's* notes, is liable to the same objection. The promise, if valid and binding, must be construed to mean, to pay to the plaintiffs one-third of such sum as they should lose by endorsing *Morse's* notes ;

NEW-YORK,
October, 1818.

that is, one-third of what they should be obliged to pay, and which could not be recovered of *Morse*, owing to insolvency, not one-third of what they should pay, and which might be recovered of him.   There is no allegation that *Morse* was unable to refund to the plaintiffs any money which they may have paid as endorsers of his paper.  I consider these objections as insurmountable, and that, therefore, the defendant must have judgment, with leave to the plaintiffs to amend on payment of costs.

Judgment for the defendant.