NEW-YORK,
May, 1820.

OLMSTEAD
v.
GREENLY.

---

## OLMSTEAD *against* GREENLY.

The plaintiff was endorser of a note made by B. for his accommodation; and B., who was also indebted to the plaintiff, having a sum of money and goods, with which he was ready to pay the note, &c. and to secure the plaintiff; it was agreed between the plaintiff, B., and the defendant, that B. should place the money and goods in the hands of the defendant, who should pay the note, and the debt due the plaintiff, and indemnify the plaintiff against the note, &c. and B. accordingly delivered the money and goods to the defendant, who thereupon undertook to pay the note, &c. *Held*, that this was not a promise or undertaking for the debt or default of another, within the statute of frauds: and the defendant having failed to perform his agreement, the plaintiff is entitled to recover damages for the breach of the contract.

THIS was an action of assumpsit. The declaration contained three special counts, and a count for money paid, &c. money had and received, &c. The three first counts, though there was some slight variation between them, stated, in substance, that the plaintiff was an endorser of a promissory note for one thousand dollars, made by *E. Bristol* and *Justin Higgins*, for their own benefit and accommodation, payable at the office of the *Utica Insurance Company*, to the plaintiff and *Elisha Payne*, and which the plaintiff had become liable to pay; that *E. Bristol* was indebted

to the plaintiff in the sum of one hundred and fifty dollars ;

that it was agreed between the plaintiff and defendant, and *Bristol,* that *Bristol* should place in the defendant's hands the sum of six hundred dollars in money, and goods to the amount of fifteen hundred dollars ; and that the defendant should pay the note, so endorsed by the plaintiff, at the *Utica Insurance Office,* and should indemnify the plaintiff against all moneys, costs, &c. which he might be compelled to pay by reason of his said endorsement, and should also pay to the plaintiff the debt owing to him from *Bristol.* The plaintiff alleged, that *Bristol* had the money and goods ready for the purpose of paying the note and the debt due the plaintiff ; and that the plaintiff, instead of receiving the money, &c. himself, caused and procured it to be delivered by *Bristol* into the hands of the defendant for the purposes above mentioned. But that the defendant did not pay the said note so endorsed, &c. nor did he indemnify the plaintiff, &c. according to his promise and undertaking, &c.

The defendant pleaded, 1. *Non assumpsit ;* 2. As to the three first counts, the statute for the prevention of frauds, the agreement being a parol undertaking for the debt or default of *Bristol,* and *Bristol & Higgins.* To this plea there was a demurrer, and joinder in demurrer, which was submitted to the Court without argument.

*Per Curiam.* We are of opinion that this is not a case within the statute of frauds. It is not a mere *collateral* undertaking, or agreement, on the part of the defendant, to pay the debt of *Bristol ;* but was an *original* contract, on an independent consideration, received by the defendant, by the procurement of the plaintiff. The plaintiff has the same ground of action as if he had delivered his own goods to the defendant, as the consideration of the promise. (*Cartling* v. *Aubert,* 2 *East's Rep.* 324.) The plaintiff is, therefore, entitled to judgment.

Judgment for the plaintiff.