## FARLEY *against* CLEVELAND.

*Where a
promise to pay
the debt of a
third person,
arises out of
some new con-
sideration of
benefit to the
promissor, or
harm to the
promissee, mo-
ving to the
promissor, ei-
ther from the
promissee or
the original
debtor, such
promise is not
within the
statute of
frauds, (1 R.
L. 78, s. 11,)
though the ori-
ginal debt still
subsist, and re-
main entirely
unaffected by
he new agree-
ment.*

ON error from the Washington C. P. Farley sued Cleve-
land in the Court below, declaring specially, that one Moon
on the 22d November, 1815, gave the plaintiff a promissory
note for $100, with interest, payable the 1st June there-
after; that on the 1st January, 1817, Cleveland, in consid-
eration of 15 tons of hay (value $150) sold and delivered
by Moon to him, at his instance, promised to pay the note
of Moon to Farley.

On the trial, the plaintiff offered to prove the note; and
that, in the spring of 1817, Moon absconded, just before
which the defendant promised to pay Moon's note to the
plaintiff, in consideration of 15 tons of hay, worth $10 per
ton, to be delivered by Moon to him; that the hay was
thereupon delivered to the defendant, and in consideration
thereof, he promised the plaintiff, by parol, to pay the note;
that the next day Moon absconded.

The C. P. nonsuited the plaintiff, on the ground, that the
promise being to pay the debt of another, and not in writing,

*Thus where M. owed F. and C. in consideration that M. delivered him hay to the value of
the debt, promised by parol to pay F., held, that this was not within the statute.*

*The English and American cases establishing, illustrating and explaining this rule, collated
and examined, per SAVAGE, Ch. J*

was void within the statute of frauds; and that was the only question made on the argument here.

*D. Russell*, for the plaintiff in error, said the delivery of the property constituted a new and distinct consideration, and thus took the case out of the statute; and he relied on *Schermerhorn* v. *Vanderheyden*, (1 John. Rep. 139, and the cases there cited,) that a promise to one for the benefit of another, will maintain a suit in the name of the one for whose benefit it is made. He said in *Leonard* v. *Vredenburgh*, (8 John. 29,) the cases were considered and classified by Kent, Ch. J. and his third class of cases, which he says is not within the statute, embraces the present one. It is, "when a promise to pay the debt of another, arises out of some new and original consideration of benefit or harm, moving between the newly contracting parties." (Id. 39.) The arrangement operated as an extinguishment of Moon's debt; and the note was retained merely as evidence of the consideration of the defendant's promise; and to show the extent of the plaintiff's claim. He also cited *Skelton* v. *Brewster*, (id. 376,) *Myers & Bellinger* v. *Morse*, (15 John. 425,) *Chaplin* v. *Rogers*, (1 East, 192,) *Hinde* v. *Whitehouse*, (7 id. 558,) *Elmore* v. *Stone*, (1 Taunt. 457,) Rob. on Frauds, 232, and *Stadt* v. *Lill*, (9 East, 348.)

*J. Willard*, contra, said the rule is, that wherever the liability of the original debtor is not destroyed by the promise of the third person, the promise is collateral and within the statute; (*Simpson* v. *Patten*, 4 John. Rep. 422; *Jackson* v. *Rayner*, 12 id. 291; *Leonard* v. *Vredenburgh*, 8 id. 29; *Fish* v. *Hutchinson*, 2 Wils. 94;) and he also cited 1 H. Bl. 120; 2 Ld. Raym. 1085; 2 T. R. 80.

He said Farley's remedy against Moon continues unimpaired. In all the cases cited on the other side, the liability of the original debtor was discharged; and that discharge constituted the whole or a part of the consideration of the promise. In such case the promise is *original*. There is nothing left to which it can be *collateral*. (3 Burr. 1886. 7 John. Rep. 463. 8 id. 376.)

There is, if the promise be in truth an original one, a va
riance from the declaration, which sets it forth as *collateral.*

*Russell,* in reply, said there was no substantial variance;
but if otherwise, the objection could not be listened to here,
because omited in the Court below.

*Curia,* per SAVAGE, Ch. J.  That part of the statute
which relates to this case, is as follows : " No action shall
be brought whereby to charge the defendant upon any spe-
cial promise to answer for the debt, default or miscarriages
of another person, unless the agreement upon which such
action shall be brought, or some memorandum or note there-
of, shall be in writing," &c.  Our statute is a transcript of
the 29 Ch. 2.  The English decisions, therefore, upon that
statute, are entitled to consideration.  We have been refer-
red to several, before noticing which, the three classes of
cases mentioned by Kent, Ch. J. in *Leonard* v. *Vreden-
burgh,* (8 John. Rep. 29,) should be attended to.  These
are, 1. Where the promise of the defendant is collateral
to the principal promise, but made at the same time; 2.
Where the collateral promise was subsequent to the origi-
nal indebtedness, and was made upon no other considera-
tion but the liability of the original debtor; 3. Where the
promise arises out of some new consideration of benefit or
harm, moving between the newly contracting parties, or,
as expressed by Mr. Roberts, (Rob. on Frauds, 232,) " If
it spring out of any new transaction, or move to the party
promising upon some fresh and substantive ground of a
personal concern to himself."  The first class needs no
other consideration than the original debt to which it is
collateral ; the second does ; and the third is not within
the statute at all.  In the two first cases the consideration
must be in writing, as well as the promise; in the third,
all may rest in parol, as in ordinary cases.

*Buckmyr* v. *Darnall,* (2 Ld. Raym. 1085,) belongs to the
first class.  The defendant had promised the plaintiff to re-
turn his horse, if he would let him to one English, to ride to
Reading.  This was held to be collateral, because English
was liable on the original bailment; and hence it must be

in writing. So also in *Jones* v. *Cooper*, (Cowp. 227,) the promise was to pay the plaintiff, if the debtor did not, which was clearly within the statute. In *Matson* v. *Wharam*, (2 T. R. 80,) the defendant applied to the plaintiff to sell goods to one Coulthard, and said, " I will see you paid." This was held to be void, being merely by parol. In *Anderson* v. *Hayman*, (1 H. Bl. 120,) the defendant said, " use my son well, charge him as low as possible, and I will be bound for the payment of the money, as far as £800, or £1000." The goods were charged to the son. The promise was held to be collateral and void, being by parol.

In this Court, the case of *Leonard* v. *Vredenburgh*, as decided, belongs to the third class. The defendant promised in writing to guaranty a note of one M. Johnson, for $500, on which the guaranty was written.

The case of *Fish* v. *Hutchinson*, (2 Wils. 94,) belongs to the second class. The plaintiff had sued one Vickars, and the defendant in consideration that the plaintiff would stay his action, promised to pay him the money owing to him by Vickars. The Court decided this promise to be within the statute, as the original debt was still subsisting. So also in the case of *Jackson* v. *Rayner*, in this Court, (12 John. 291,) the defendant in the Court below, promised the plaintiff below, (who had sued the defendant's son,) that he, the defendant, would pay the debt, as he had taken his son's property, and meant to pay his honest debts. The Court decided, that a promise in writing was necessary; and emphasize the fact, that the original debt of the son was still subsisting. This case was decided on the authority of *Simpson* v. *Patten*, (4 John. Rep. 222,) which will be hereafter noticed.

The third class, mentioned by Kent, Ch. J. as not within the statute, has been illustrated by the following cases : In *Read* v. *Nash*, (1 Wils. 305,) one Tuack, the plaintiff's testator, had sued one Johnson for an assault and battery, and the cause being at issue, the defendant promised, that, if Tuack would withdraw the record, he would pay him £50 and the costs. This was held an original promise, and that here was no debt, default or miscarriage. In *Williams* v. *Leper*, (3 Burr. 1886,) the plaintiff was proceeding to distrain

the goods of one Taylor, his tenant, for 3 quarter's rent, being £45, when the defendant, who was agent for Taylor's creditors, to sell the goods under an assignment of them, promised the plaintiff to pay the rent in arrear, if he would desist from distraining. It was contended that this promise should have been in writing, and that Taylor still remained liable till actual satisfaction. Ld. Mansfield said the landlord had a legal pledge : he had a lien upon the goods ; and that the statute did not apply. The case of *Simpson* v. *Patten*, (4 John. Rep. 222,) came here on certiorari. Patten had sued Simpson in the Court below on a promise, that if he, Patten, would forbear to sue one J. S., Simpson would pay the amount of J. S.'s note, as soon as he could sell an acre of land of J. S. which he, Simpson, was authorized to sell. Simpson had sold the land, and a recovery was had on the parol promise. This Court reversed the judgment, saying that a promise to pay the debt of a third person must be in writing, notwithstanding it is made on sufficient consideration. They said nothing about this promise being an original undertaking. In support of their opinion they cite some of the above cases, and *King* v. *Wilson*, (2 Str. 873,) where Raymond, Ch. J. held that a parol promise to pay the debt of another, in consideration of forbearance, was void by the statute of frauds and perjuries. In the cases of *Simpson* v. *Patten*, and *Jackson* v. *Rayner*, there was a good consideration, that of indefinite forbearance, and in both cases funds of the original debtor were placed in the hands of the defendants, by which they had the means of performing their promises ; but the original debt was still subsisting. The case of *Slingerland* v. *Morse*, (7 John. Rep. 463,) was very much like the case of *Williams* v. *Leper*. The plaintiff had distrained the goods of his tenant, and the defendants promised in writing to deliver them six days after demand, or pay $450. It was contended that the writing should have contained a consideration according to *Sears* v. *Brink*, (3 John. Rep. 210,) considering the case as within Ch. J. Kent's second class ; but the undertaking was held to be original. The plaintiff had a lien which he relinquished ; and as this took the case out of the statute, no writing was

necessary. *Skelton* v. *Brewster*, (8 John. 376,) came here on certiorari. Brewster had levied on the property of one W. S. by virtue of an execution. W. S. delivered all his goods to Skelton, who, in consideration of this, and that the plaintiff would discharge W. S. from the execution, promised to pay $25. In this case, the Court said " the promise of the defendant below to pay the judgment against a third person, was founded on a new and distinct consideration, which was the delivery of the goods of such person, and the plaintiff's discharge of the judgment ;" and they held it an original promise. This case differs from *Simpson* v. *Patten* and *Jackson* v. *Rayner* in no essential particular, except that, in those cases, the original debtor remained liable. In this case he was discharged. In those cases, the promises were held to be within the statute ; in this, not. It would seem, therefore, that the liability of the original debtor was a contolling fact. But in *Gold & Sill* v. *Philips*, (10 John. 412,) the liability of the original debtor was overlooked, or not deemed important. In that case the plaintiffs had a demand against one Aaron Wood. Wood sold his farm to the defendants, and they agreed to pay Wood a certain sum. The rest of the consideration was composed of Wood's debts, which the defendants agreed to pay ; and among them was the demand of the plaintiffs. The defendants wrote to the plaintiffs as follows : " Gentlemen, an arrangement has been made between us and Aaron Wood, by which we are to be accountable to you for the balance due from him to you, on account." The Court say, " the promise of the defendants was not within the statute of frauds. It had no immediate connection with the original contract, but was founded on a new and distinct consideration. The distinction noticed in *Leonard* v. *Vredenburgh*, applies to this case, and takes it out of the statute. The defendants made the promise in consideration of a sale of lands made to them by Wood ; and they assumed to pay the debt of the plaintiffs, as being, by arrangement with Wood, part payment of the purchase money. Here was a valid assumption of the debt of Aaron Wood." In this case the original debtor was not discharged, and the property purchased of Wood had passed to

another person who had made a similar promise. · In the case of *Myers* v. *Morse*, (15 John. 425,) the plaintiffs were liable as endorsers of one H. M. They also held a note drawn by H. M. and endorsed by the defendant on which he was liable. It was agreed by the plaintiffs that they would not hold the defendant liable on the note held by them ; in consideration whereof, he promised to indemnify the plaintiffs against one-third of any loss which they might sustain as endorsers of H. M. This was held to be an original promise, founded upon the new consideration moving between the newly contracting parties. The case of *Olmsted* v. *Greenly*, (18 John. 12,) was this : The plaintiff was liable as endorser for B. & H. for $1000. B. owed the plaintiff $150, and it was agreed between the plaintiff, defendant and B., that B. should place in the defendant's hands, in cash, $600, and in goods $1500 ; and that the defendant should pay the note ·endorsed by the plaintiff, and indemnify him against all damages and costs by reason of that endorsement·; and should also pay the plaintiff the debt due him from B. The plaintiff averred that B. had the money and goods, and that the plaintiff caused them to be put in the defendant's hands for the purposes mentioned. The Court said, this is not a case within the statute of frauds. It is not a mere collateral undertaking, on the part of the defendant, to pay the debt of Bristol ; but was an original contract on an independent consideration, received by the defendant by the procurement of the plaintiff. The plaintiff has the same ground of action, as if he had delivered his own goods to the defendant as the consideration of the promise.

These cases do not entirely agree, unless they are distinguishable by the circumstance that in some of them *forbearance* to sue the original debtor is the whole, or a principal part of the consideration for the promise ; and in the others, the whole consideration is something new, moving to the party making· the promise. Thus, in *Simpson* v. *Patten* and *Jackson* v. *Rayner*, the promise was founded, as well upon the forbearance of the plaintiffs to sue the original debtor, as upon property of the debtor being placed in the hands

of the defendants, out of which the debts might be paid; but in the cases of *Gold* v. *Philips, Myers* v. *Morse*, and *Olmsted* v. *Greenly*, no allusion is had to the effect to be produced upon the original debtor. The promise in those cases was predicated upon value received by the defendants, either from the plaintiffs or the original debtor.

The case under consideration is, in principle, very much like the case of *Gold* v. *Philips*. The defendant had, in that case, purchased land of the original debtor, which was the consideration moving to the defendant. In this the defendant purchased hay, which was the consideration moving to him. So, too, in *Olmsted* v. *Greenly*, the original debtor placed money and goods in the defendant's hands, with which he promised to make certain payments, and to pay the plaintiff's debt. It was averred that this was done by the procurement of the plaintiff, which is the only difference between that case and this, if the hay was not absolutely sold by Moon to the defendant. In all these cases, *founded upon a new and original consideration of benefit to the defendant, or harm to the plaintiff, moving to the party making the promise, either from the plaintiff or the original debtor, the subsisting liability of the original debtor is no objection to the recovery.*

I am, therefore, of opinion that the Court below erred; that the judgment be reversed, and a *venire de novo* awarded.

**Judgment reversed.**