EvaNS, J.
delivered the opinion of the Court.
In the consideration of this case, I shall assume that the promise, made by the defendant, was that which was put in writing, and which was verified by the defendant’s putting the initials of his name, viz : “ That he would stand security for the appearance of the above named grey mare, to be delivered to S. S. Tindal. to-morrow, or pay the amount of $67 47,” &c. In the construction of the 4th section of the statute of frauds, we have decided, in the case of Filer v. Givens, that the word agreement means the same as promise, and that the statute does not require that the consideration of the promise shall be in writing, but' only the promise itself. As to the consideration, the statute does not dispense with it. A sufficient consideration is equally necessary since, as before the statute. The promise without a consideration, although the promise be in writing, is not binding. For this reason it has always been held that, where the promise was to answer for a debt or default of another, the original debtor should be discharged, or there would be no consideration to support the promise- — it would be only collateral; that is, to pay in case the other did not. But in cases where no previous liability existed, the question always is, to whom did the promisee look for the performance of the contract; did he look to the promiser alone, or only in case a third person did not pay or perforin ? In the first case, the promise was original or primary. In the last, it was secondary or collateral. The first would not be within the statute: the last would be. This is illustrated by the cases put in the books. If one tell a shopkeeper to “ let A have goods and I will pay for them,” this is an original promise ; but if he had said “ let A have goods, and I will be security that he will pay for them, or if he does not pay I will,” this is but a collateral liability, and not binding unless it be in writing. If in writing, it would be a binding promise, because the delivery of the goods to A would be a sufficient consideration to support it. In the case of
* ° j8gg’ 6 Maúle and Sel. 204. 2 East>
21 Eng. C. L. 143.
4 Cow. 432.
Atkinson v. Barfield, the plaintiff, a constable, had levied a domestic attachment on a horse, and the defendant promised that, if he would surrender the horse to him, he would pay the debt. This was held to be a promise not within the statute, because it was a direct promise to pay, supported by a sufficient consideration. The same remark will apply to the cases of Leper ads. Williams, Edwards v. Kelly, and the case of Castling v. Aubert. In all these cases, the plaintiffs being about to enforce a distress for rent, the defendants promised to pay the rent if the plaintiffs would forbear to enforce the lien. But if no rent had been due, then the promise would not have been binding, as well because there was no writing, as because there was no consideration. Thus, in the case of Thomas v. Williams, the promise was not only to pay the rent that was due, but also that which would be due at a future time. This promise was held to be within the statute, or to speak more accurately, it was held to be void, because, as to the rent which was not due, the landlord had no lien, and there was no consideration to support the promise.
In the case of Farley v. Cleveland, it was held that, where the promise was founded on a new and original consideration, of benefit to the defendant, or hurt to the plaintiff, the subsisting liability of the original debtor was no objection to the recovery.
In the English cases, it would seem to be considered as necessary that the original debtor should be discharged. In the case of Edwards v. Kelly, it was held that the original debtor was discharged by the distress, which was a satisfaction.
The proceeding by attachment, is a proceeding in rem, and is like the seizing of goods under a distress warrant, or under execution ; a presumptive satisfaction, until the goods seized are sold, or accounted for. The case of Atkinson v. Barfield is authority that, by the levy of the attachment, the original debtor was discharged; or that his discharge was immaterial, where the promise was founded, as in Farley v. Cleveland, on a new and original consideration of benefit to the promiser, or hurt to the promisee — either will be sufficient for this case.
Apply these principles to the case under consideration, and what is the result? The plaintiff delivered up the mare, in which he had a qualified property, at the defendant’s request. This was a consideration of injury or hurt to him, sufficient to support the contract. In consideration of this, the defendant promised that he would be security for the appearance of the mare the next day, and for her delivery to the plaintiff. Words are to be construed according to the intention of the parties. The evidence authorizes no such conclusion as that June was bound, by any promise, to deliver the mare, for the *180 performance of which he was liable, but all the evidence _ shews that June was resisting the levy, .and endeavoring to ' carry off the mare without the plaintiff’s consent. The promise was not, therefore, that the defendant would guarantee that June should return the mare, committed to him as a bailment by the plaintiff, but the defendant took upon himself the obligation that the mare should be delivered at the time specified. It was, therefore, an original promise, and not within the statute of frauds. It is not like the case of Burckmyer v. Darnell. There the allegation was that the defendant promised that Edwards, to whom the horse was loaned, should return him ; not, as in. this case, that the horse should be returned. In that case the Court say, that as Edwards was liable in detinue on the bailment, the defendant’s liability was only collateral to answer in the default of another. In this case it does not appear that the plaintiff gave any credit to June whatever; the bond to be given was the defendant’s bond, not June’s bond with the defendant as security. It seems to me, therefore, that this case is within the reasons of the Court, in the case of Burckmyer v. Darnell, that where the whole credit is given to the undertaker, so that the other party is but his servant, and there is no remedy against him, it is not a collateral undertaking, as it would be where the undertaker comes in aid of another’s liability, and both are answerable according to their distinct engagements.
S Ld. Ray. 1085.
According to the best interpretation I can give to the promise of the defendant, he alone was looked to for the performance of it. It is the same as if the mare had been delivered to him. The bailment was to him and not to June, and consequently it is an original undertaking on his part.
The motion is dismissed.
RichakdsoN, J. — O’Neall, J.— and Frost, J. — concurred.
Wardlaw, J. — and Withers, J. — dissented.

Motion refused.