## NATHAN PHILLIPS *v.* JOHN GRAY.

A parol promise, made by a debtor upon the request of his creditor, that he will pay for a bill of goods to be delivered to such creditor out or on account of such indebtedness, in consideration of which promise the seller delivers the goods, is a valid promise, and not within the statute of frauds.

The parties being all present and assenting, it is tantamount to an assignment *pro tanto*, by the creditor to the seller of the goods, of the amount due by the debtor, assented to by such debtor, and a promise by him to make payment to the assignee.

THIS action was against the owner of a building in course of erection, for the price of certain lumber furnished to one Chittenden, his contractor. The plaintiff relied upon a special promise of the defendant, the evidence whereof is stated in the opinion. The Marine Court gave judgment against the defendant, from which he appealed.

*Jacob I. Radcliffe* and *D. P. Whedon*, for the appellant.

*A. B. Millard*, for the respondent.

BY THE COURT. WOODRUFF, J.—It appears by the evidence of the witness Chittenden, that the defendant Gray, was indebted to him Chittenden, and upon the joint application of Chittenden and Gray to the plaintiff for lumber, and on the plaintiff's refusal to deliver it upon the credit of Chittenden, the defendant stated that he owed Chittenden money enough, and if the plaintiff would deliver the lumber and procure Chittenden's order, which would serve as a voucher to him for making the payment, he would pay the money to the plaintiff.

This was a promise by a debtor to pay money which he owed to a creditor of his creditor with the assent of the latter and in discharge of his own preëxisting liability. It was not a mere promise to pay the debt of a third person, but a promise to pay his own debt; the transaction was in the nature of a transfer of the claim held by Chittenden against the defendant

from Chittenden to the plaintiff upon a consideration entirely sufficient.

This is within the case of *Barker* v. *Bucklin*, 2 Denio, 45, as a promise to pay the debt of the person making the promise, to a particular person designated by the creditor to whom the debt belonged, in consideration of which promise such person had parted with his property upon the full assent of all parties, and the opinion of this court delivered by the first judge in *Stern* v. *Drinker*, at the last February general term, is to the like effect (*a*). See 3 Burr. 1886 ; 4 Cow. 435 ; 10 J. R. 412 ; 4 Sand. 615, cited in that opinion.

Upon this ground I think the judgment should be affirmed.

<div align="right">

Judgment affirmed.