HON. JOHN PIERPOINT,
HON. JAMES BARRETT, } *Assistant Judges.*
HON. LOYAL C. KELLOGG,

---

## CYRUS HOTCHKISS *v.* C. J. LADD & CO.

*Pleadings. Statute of Frauds. Statute of Limitations.*

If the facts alleged in a declaration show a contract that would be binding if evidenced by a writing, the declaration is not demurrable because it is not stated to be in writing.

*Held,* that the declaration in this case, as set forth in the opinion, states a sufficient consideration to support the promise declared on.

The objection that a plea only amounts to the general issue, can only be taken by a special demurrer.

The defence of the statute of frauds may be shown under the general issue, or pleaded specially, at the option of the defendant.

Where a plea of the statute of frauds alleges that the promises mentioned were special promises to pay the debt of a person named, a replication denying that the promises were for the debt of said person, will be a good answer, without the words, or any other person. The traverse is as broad as the issue offered.

Where a plea of the statute of limitations alleged that the causes of action did not, nor did either of them, accrue within six years, &c., and the replication alleged that the said causes of action, or some of them, did accrue within six years, &c., it was *held,* that the replication was defective in not saying which accrued within six years.

Assumpsit in two special counts and the common counts. Pleas, the statute of limitations and the statute of frauds. To both of these the plaintiff replied, and to these replications the defendant Ladd demurred.

The county court, September Term, 1863,—Aldis, J., presiding,—*pro forma,* sustained the demurrer, and held the declaration and replications insufficient. Exceptions by the plaintiff. The substance of the pleadings is given in the opinion of the court.

*H. R. Beardsley,* for the plaintiff.

*H. B. Smith* and *G. F. Edmunds,* for the defendant Ladd.

Poland, Ch. J. To the plaintiff's declaration the defendant pleaded the statute of limitations, and the statute of frauds, to both which pleas the plaintiff replied, and to these replications Ladd demurred.

The defendant Ladd claims not only that the plaintiff's replications are insufficient, but that the plaintiff's declaration is also defective, so as to be reached by the demurrer.

Two objections are made to the declaration.

1st. That it states no sufficient consideration to support the promise declared on.

2d. That the promise is within the statute of frauds.

Whether either of these objections is well founded, or not, depends mainly upon the construction to be given to the declaration. It is exceedingly difficult from the declaration to determine the real character of the transaction between the parties, and its allegations are nearly repugnant to each other.

It alleges, in substance, that Hotchkiss, Swan & Bates were partners, and as such partners owned a stock of goods.

That Ladd and Warner formed a partnership between themselves for mercantile business, and agreed between themselves

that Warner should purchase this stock of goods for the use and benefit of the partnership, but should execute his own note for them, and that such note should constitute a joint liability against the defendants. That Warner, by the direction and concurrence of Ladd, did purchase the goods of Hotchkiss, Swan & Bates, for the benefit of himself and Ladd, that the goods were sold and conveyed to the defendants, and that Warner executed his notes to Swan & Bates in payment for the goods. The declaration then alleges, "that on the same day said notes, with the knowledge and consent of the said Ladd & Warner, were delivered to the plaintiff in payment for said goods, who then held, and now holds, the same as his own property absolutely, and thereupon the said goods were delivered by the plaintiff to said defendants, in consideration whereof, and especially in consideration of the acceptance of said notes by the plaintiff, as security for the payment of such goods so purchased by the said Warner as aforesaid, for the joint benefit of the defendants, and in consideration of the transfer and delivery of the same by the plaintiff to the defendants, for which transfer and delivery said notes were given as aforesaid,—they, the said defendants, did then and there jointly promise and agree with the plaintiff to pay him the said sums specified in said notes respectively, as they should severally fall due and become payable."

The defendant claims that the true construction and meaning of the declaration is, that the plaintiff's firm sold the goods to Warner, and took his notes in payment for the same, and that Ladd verbally promised to pay Warner's notes, upon no other consideration than that upon which the notes were themselves based.

If this be the meaning, it is a clear case of a collateral promise, within the statute of frauds, and doubtful as to consideration, even if the promise were in writing.

The plaintiff claims that the purchase of the goods was really for the joint benefit of both defendants, and that the allegation as to the purchase of the goods of the plaintiff and his partners, and giving the notes of Warner in payment, is to be regarded merely as a statement of a contract or agreement for a sale of the goods, not perfected by a delivery of them, and that upon the further

arrangement between the plaintiff and his partners, that the notes should become the sole property of the plaintiff, known and assented to by the defendants, the sale was perfected between the plaintiff and the defendants jointly, the plaintiff to take the notes of Warner as security merely, and not in payment, and that the goods were delivered to the defendants jointly upon their joint promise to pay the price of them, as specified in Warner's notes. This interpretation makes it a clear case of an original undertaking by Ladd, and upon the most ample consideration. With some hesitation we have concluded that the declaration may bear this interpretation, and that it may be supported, even conceding that the promise alleged was merely a verbal one.

The declaration, however, need not allege the promise to be in writing, and if the facts alleged, show a contract that would be binding if evidenced by a writing, the declaration is not demurrable because it is not stated to be in writing. Brown on Stat. of frauds, 488 and 9 and notes. 1 Saund. 211, note 2, 276 and notes. The same point has been decided by this court in a case not yet reported.

No question is made but that the plea of the statute of limitations is in proper form, and is a good answer to the declaration. But the plaintiff claims that the plea of the statute of frauds is not a good answer.

1st. Because it amounts to the general issue.

2d. Because no issue can be taken upon it, and that it is a legal absurdity and anomaly.

A sufficient answer to the first objection, that the plea only amounts to the general issue, is that such objection can only be taken by a special demurrer. 1 Ch. Pl. 527–8.

The other ground of objection to this plea is supported by the authority of a case in 11 Price Ex. Rep. 475, where such a plea was held bad, and Baron Wood, who gave the opinion, denounces such pleas as unheard of, and anomalous in the law. His whole argument is based upon the inconveniences which would follow, by requiring the plaintiff to set out in his replication, the written contract which might have to be drawn from a

lengthy correspondence, or from several different writings.   The opinion is supported by no authority whatever, and it is just to say that it is only in recent days that the court of exchequer has come to be regarded as a court of high authority in the law, even in England.   Its claim to consideration was very much less even in Baron Wood's day, than at the present.   On the other hand, it is laid down by Mr. Chitty that the defence of the statute of frauds (like infancy and other defences, which admit the making of the contract, but avoid it on some legal ground) may be shown under the general issue, or pleaded specially, at the option of the defendant.   1 Ch. Pl. 480, and in a note he cites, 1 Wils. 305 ; 1 M. & P. 294 ; 4 Barn. & Ald., 595.

In the same note it is said that such a plea was held good by the House of Lords.   2 Dow & Clarke, 21.

The American editor also cites 17 Pick. 407, and *Myers* v. *Morse*, 15 Johns. 425, as sustaining the same doctrine.

Mr. Chitty gives a form for such a plea,—3 Vol. 909, and in a note he says such plea was held good on demurrer in *Maggs* v. *Ames*, 1 Moore & Payne, 294.   This decision was several years subsequent to the case of *Lilly* v. *Hewett* in the exchequer, and must be regarded as overruling it.

If the plea states what is a good defence to the action, if true, and is pleaded in proper form, it is impossible for me to see what objection can be made to it, except that it amounts to the general issue only, and as has already been said, this is only ground for special demurrer.

The defendant claimed that the plaintiff's replications to his pleas are both defective.   The plea of the statute of frauds alleges that the promises mentioned were special promises to answer for the debt of another, to wit, William K. Warner, and that there was no memorandum in writing signed, &c.

The replication alleges that the promises, &c., " were not special promises, nor were any of them for the debt of the said William K. Warner, &c."

The objection is that the replication does not say they were not promises to pay the debt of Warner, or any other person. It is said that though the defendant's promise was not for the

debt of Wm. K. Warner, it might be for that of some other person, and therefore it is too narrow a traverse.

But the plea as we think had confined it to Warner's debt, and that the traverse is as broad as the issue offered, and that the replication is a good answer to the plea. The plea of the statute of limitations alleges, that the causes of action mentioned, in the declaration, did not, nor did either of them accrue within six years, &c.

The replication alleges that said causes of action, or some of them, did accrue within six years, &c. The objection is, that the replication is wholly uncertain, and that the defendant could not know to which of several causes of action the replication was intended to apply.

The plaintiff to support this replication relies wholly upon what is found in Lawes' Pl. in Assumpsit, 548, where it is said "If the defendant pleads that the several causes of action did not nor did either of them, accrue within six years, it seems that the plaintiff may reply that they, or some of them, accrued within that time, as it is a direct affirmation of the latter words of the plea, and is therefore a good issue."

The only case cited in support of this statement is *Scott* v. *Charleton,* 2 Lutw. The cases in Lutwyche have long ceased to be regarded as much authority, if they ever were so, and the authority of the doctrine must rest mainly upon the adoption of it by Mr. Lawes, whose book (though now but little in use,) I have found generally very accurate in its statement of the law.

But it seems to us that this cannot be regarded, as a direct affirmation of the negative words of the plea.

The substance of the plea is, that none of the causes of action arose within six years, that they were all barred by the statute. The plaintiff replies that some of them, without saying which, accrued within six years.

It was doubtless admissible for the plaintiff to confine his replication to a portion only of his claim, but he should have specified which, in order that the defendant might know what to meet by his evidence.

It is said that the declaration disclosed but one cause of action,

that there was but one promise, and though that·was to pay different sums, at different times, the statute would not begin to run till the first sum fell due.

But we do not so understand the law, and even in the case of a note payable by instalments, the statute commence running on the several instalments as they fall due. *Grafton Bank* v. *Doe et al.*, 19 Vt. 463.

So far as the statute of limitations was concerned, the declaration set out several different causes of action, some of which might be barred by the statutes, and others not.

One of the cardinal rules of pleading, which applies to pleadings in every stage, is that requiring certainty. Mr. Chitty says: "Another essential quality of a replication is certainty; and it is said that more is requisite in a replication than a declaration, though certainty to a common intent is in general sufficient. Where the replication is only to a part of the plea, the part alluded to should be ascertained with certainty; as if in assumpsit on several promises, the defendant has pleaded infancy and the plaintiff reply that part of the goods were for necessary food, and part for clothes, it is said to be insufficient if he do not show what part was for the one, and what part for the others. 1 Chitty Pl. 648–9.

The illustration given by Mr. Chitty seems to apply forcibly to this replication, and we feel compelled to hold it defective. The judgment of the county court is reversed, and judgment that the replication to the plea of the statute of limitations is insufficient.