Barrett, J.
(dissenting). —It is not pretended that the plaintiff was expressly retained by the defendant to procure a settlement of the action pending between H. W. Wilkinson and wife; nor is the fee claimed for any direct service rendered to the defendant. On the contrary, the plaintiff admits that his present claim is for the service rendered in the divorce suit; that the defendant promised to pay the amount “on report of said settlement,” and in consideration thereof; and that his fees were not spoken of until the matter was being closed.
*52 This, to my mind, was a collateral, and not an original promise, within the principles enunciated in Mallory v. Gillet (21 N. Y., 412). It was the verbal promise of a third person, in consideration of the settlement between the husband and wife, to pay the fees due to the wife’s counsel. Such a promise does not come within the third of those three classes into which Chief Justice Kent (Leonard v. Vredenburgh, 8 Johns., 29) divided the cases under the statute. There must be a “new or original consideration of benefit, or harm moving between the newly contraotiny parties.” Here, there was neither harm to the plaintiff nor benefit to the defendant. It does not appear that the plaintiff relinquished anything, or was in any wise affected by the settlement. But, even if he had abandoned, say a valuable lien upon the papers in his hands, or had lost the right of invoking the court’s assistance to compel the defendant to pay a counsel fee, that would still be'insufficient. To take the promise out of the statute, the original debt must be extinguished, or the consideration, even when founded upon harm to the promisee, must be something moving to the promissor (Mallory v. Gillet, supra ; Farley v. Cleveland, 4 Cow., 432). It cannot be said that the new undertaking was accepted as a substitute for the original "demand; for the latter, such as it is, remains in full force. The claim against the wife, if valid, has not been released; if invalid, it would not support the promise. As to the right to apply for a counsel fee, that is not an original debt or demand, the extinction of which takes the case out of the satute. It is not an existing or vested demand, until the order for its payment is made. And who can say that it would have been granted ? A state of facts can be conceived of which would justify its refusal; or .a less sum than that claimed might have been awarded. There is no distinct proof that an application for a counsel fee was pending, or that the action itself has been discontinued. All that is said upon the latter head is, “ that the motion for alimony was discontinued, and the matter dropped /” so it is by no means clear that the right of applying for compensation has been lost. The *53 testimony, as will tie seen, was exceedingly meagre, and we are asked to sustain the judgment, not tiy inference, however strained, to tie drawn from the facts proved, tint tiy supplying other and independent facts, which were wholly unproved, and the existence of which must tie purely a matter of conjecture.
Again, the plaintiff himself distinctly bases the prom- _ ise upon the settlement between the husband and the wife ; 'and nowhere intimates that his aid in the negotiations, or his consent to a discontinuance, or to a waiver of his right to apply for a fee, was spoken of, or referred to, or formed, in any manner, the consideration for the promise. It was, therefore, a mere naked promise, based upon a consideration moving between third parties, and not between either the creditor and the debtor, or the creditor and the promissor.
In Tomlinson v. Gill (6 Ad. & Ell., 564), the defendant had promised to pay the costs due to a solicitor, tiy his client, the plaintiff in a pending chancery suit, in consideration of its discontinuance. .The promise was held to tie Void, for the reason that no new consideration arose from the discontinuance; and that something must not only tie given up tiy the promisee, but tie acquired tiy the promissor. This was a stronger case than that under consideration, from the fact that the promissor was himself the defendant in the chancery suit, and might tie said to have been benefited tiy its discontinuance ; while here he was a stranger to the litigation.
For these reasons, I am constrained to differ with my brethren, and I think the judgment should tie reversed.
Judgment affirmed.