Barker, J.
The evidence satisfactorily establishes that Phillips was indebted to the plaintiff and his assignor respectively in the sums as found by the referee. The evidence of defendant’s promises to pay such indebtedness, in consideration of the sale and assignment of property by Phillips to him, consisted mainly in the defendant’s admissions. That Phillips was the owner of the property sold and transferred to the defendant, and that it possessed the value as found by the referee, was also well established by the evidence.
The defendant denied that he made an absolute and unqualified promise to pay the debts owing to the plaintiff and his assignors by Philhps, and testified that his promise was a conditional one. After a careful examination of the evidence, we cannot say that the referee’s findings in this respect are against the weight of the evidence, but we are inclined to the opinion that his conclusions are well supported by the proofs. The defendant’s promise, was an original one, based upon a good consideration moving from Philhps, who was the plaintiff’s debtor, and he may enforce the promise by an action in his own name, as the same was made for his benefit. Although the promise was verbal, it was not void by any provision of the statute of frauds.
The facts of this case are exactly parallel to the facts in the case of Farley v. Cleveland (4 Cow., 432; S. C., affirmed in the court of errors, 9 Cow., 639), where it was held that a promise to pay the debt of a third person arising out of some new consideration of benefit to the promisor or harm to the promisee, moving to the promisor either from the promisee or his original debtor, is not within the statute of frauds, although the original debt still subsists and remains entirely unaffected by the new agreement. The facts of that case were, that one Moore owed Parley, the plaintiff, a debt, and the former sold and delivered to the defendant Cleveland a quantity of hay, and in consideration therefor Cleveland promised by paroi to pay Parley his debt, and it was held that the promise was valid and unaffected by any provision of the statute of frauds. The law of this case *331 has never heen disturbed, and has been frequently applied in subsequent cases where the facts were substantially the same. Lawrence v. Fox, 20 N. Y., 268; Little v. Banks, 85 id., 263; Coster v. The Mayor, 43 id., 399.,
Phillips transferred the property to the defendant by an instrument in writing, but that does not set forth the consideration nor contain any promise whatever on the part of the defendant as to the mode and manner of paying the consideration upon which the transfer was based. It was therefore competent for the plaintiff to prove by paroi the promise upon which he stands, and no rule of evidence was violated, as the written instrument was entirely silent upon the question of consideration arid its payment. Aeighme v. Taylor, 98 N. Y., 288; Filkins v. Whileand, 34 id., 338; Chapin v. Dobson, 78 id., 74; 1 Greenleaf on Ev., 384.
All the questions litigated before the referee, and his rulings in receiving and rejecting evidence have been examined and we discover no error.
Judgment affirmed.
Smith, P. J.; Haight and Bradley, JJ., concur.