CASES DETERMINED IN THE

# COURT OF APPEALS

OF THE

# STATE OF NEW YORK,

NOT REPORTED IN FULL IN THE REGULAR SERIES OF REPORTS, FROM
JANUARY 1889, WITH ANNOTATIONS.

---

THE FIRST NATIONAL BANK OF SING SING, Appellant, *v.*
THOMAS H. CHALMERS *et al.*, Respondents.

*Court of Appeals, June 10, 1890.*

Reversing 39 Hun, 468.

1. *Appeal. Dismissal of complaint.*—Where the court below has refused
to submit the evidence to the jury, and dismissed the complaint,
the court of appeals must assume, in favor of plaintiff, the existence
of every pertinent and material fact, which the jury might have
legitimately found from the evidence introduced, or from any
evidence that was erroneously excluded from the consideration of the
jury.
2. *Statute of frauds. Consideration.*—In addition to a good consideration,
which all promises must have, a valid promise to pay the debt of a third
person must have a good consideration moving to the promisor from
the debtor or creditor.
3. *Same. Original promise.*—The distinguishing characteristic, which re-
moves a class of cases from the operation of the statute of frauds, is
that there is a new and independent consideration moving either from
the original debtor or creditor to the promisor ; or, in other words,
that there is a new and distinct consideration, independent of the
original debt, and one moving between the parties to the new
promise.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a decision of the court.

*Francis Larkin,* for appellant.

*Calvin Frost,* for respondents.

POTTER, J.—The court below having refused to submit the evidence to the jury, and dismissed the complaint, the court upon this appeal must assume the existence of every pertinent and material fact which the jury might have legitimately found from the evidence introduced or from any evidence that was erroneously excluded from the consideration of the jury.

There was evidence upon the trial tending to show that the defendants promised Spruce & Leary, the debtors of the plaintiff, and also that the defendants promised the plaintiff, to pay the plaintiff the sum of $1,556.47, that being the sum or debt which Spruce & Leary owed the plaintiff.

We are to assume the existence of such promises, and we will assume for the present that such promises rested entirely in parol.  Proceeding upon these assumptions, the question is presented whether the parol promise by the defendants to pay the plaintiff the debt owing it by Spruce & Leary is enforceable by plaintiff against the defendants in this action. The contention of the defendants is that the promise is void under the statute of frauds, which declares that every special promise to answer for the debt or default of another person, unless the agreement therefor be in writing and be subscribed by the party to be charged therewith, is void.  It would seem as if a question which arose at least one hundred years ago in this state, and which has received the consideration of the court of last resort in this state in more than one hundred reported cases, should have reached a complete development and that its precise principle should have be-

come by this time of easy and certain application.   It seems to me that the decisions as far back as the case of Leonard *v.*  Vredenburgh, 8 Johns. 29, and the classification of cases and the lines of distinction between such classification there laid down and the number of cases subsequently decided recognizing and illustrating such classification and distinction clearly and effectually dispose of this case.   The distinction in cases involving the payment of the debt of a third person is made to depend in many cases entirely upon the source from whence the consideration for the promise to pay such debt proceeds.   The solution of this question in the cases in which it is involved requires the examination of the consideration in two aspects.

Every contract, whether required to be in writing or not, requires a good consideration to support it.   In addition to a good consideration, which all promises must have, a valid promise to pay the debt of a third person must have a good consideration moving to the promisor from the debtor or creditor.   21 N. Y. 427.   The distinctions and classifications of cases illustrating the rule of liability under this branch of the statute of frauds laid down by Chief Justice KENT, 8 John. *supra*, have been substantially followed and reiterated in the case of Farley *v.* Cleveland, 4 Cow. 432, by Chief Justice SAVAGE, and in the case of Mallory *v.* Gillett, 21 N. Y. 412, by Chief Judge COMSTOCK.   There is no occasion or room for the discussion of these distinctions, in view of the opinions in those cases and in the numerous cases since decided upon those lines.

In order to dispose of this appeal, it is only necessary to state that there is a class of cases of this character which is not subject to the statute of frauds, and to determine whether the case under consideration belongs to that class or not.   The distinction between parol promises of this character " is not in respect to its particular nature or kind, but in respect to the parties between whom it moves."   In one class the consideration is characterized as " new and original,

moving between the newly contracting parties." Mallory v. Gillett, 21 N. Y. 412–418–419.

In the language of Chief Justice SHAW in Nelson v. Boynton, 3 Met. 396–400, "the other class (not within the statute) is, where, although the effect of the promise is to pay the debt of another, yet the leading object of the undertaker is to subserve or promote some interest or purpose of his own."

In the language of Chief Justice SAVAGE in Farley v. Cleveland, 4 Cow. 432–439, "in all these cases" (referring to cases which are not within the statute of frauds) "founded on a new and original consideration of benefit to the defendant, or of harm to the plaintiff, moving to the party making the promise either from the plaintiff or original debtor, the subsisting liability of the original debtor is no objection to a recovery."

Chief Judge COMSTOCK, in Mallory v. Gillett, approves of this classification of Chief Justice SAVAGE, "because it includes a variety of cases found in the books, where the new consideration springs from the original debtor and not the creditor, as, for example, where the debtor by conveyance of property *or otherwise* places a fund in the hands of a third person, the latter promising in consideration thereof to pay the debt."

The distinguishing characteristic which removes a class of cases from the operation of the statute of frauds is that there was a new and independent consideration moving either from the original debtor or creditor to the promisor, or, as better expressed by Judge BRONSON, in Brown v. Curtis, 2 Com. 225, "where there was a new and distinct consideration independent of the debt of the maker and one moving between the parties to the new promise." Kingsley v. Balcome, 4 Barb. 131. I will add but a single case upon this point. Judson v. Gray, 17 How. 289, affirmed in the court of appeals. In this case the defendant promised if the debtor of the plaintiff would give him, the defendant, a

note for the amount the debtor owed the plaintiff, the defend-ant would pay that sum to the plaintiff.

We will now briefly discuss the question whether there was sufficient consideration to support the promise to pay the plaintiff the debt which the action was brought to recover and whether the consideration was of the character which as we have seen is required to take the promise out of the pale formed by the statute of frauds.

The circumstances leading to and surrounding the promise were substantially these, viz., Spruce & Leary were indebted to the defendants and were embarrassed and in failing circumstances, and the defendants knowing their situation were looking into the affairs and devising the ways and means of securing or collecting their debt.

Spruce & Leary owed the plaintiff and others and said to defendants they were willing to adopt any measures which the defendants might suggest ; but they wanted the plaint-iff's debt secured and the debts they were owing a few others. The defendants did not object to securing or pro-viding for the payment of the same, and proposed that Spruce & Leary should confess a judgment to the defendants including the plaintiff's debt, which defendants were to assume and pay.

A statement for judgment was accordingly prepared for an amount including plaintiff's debt, and which debt was stated to have been assumed by the defendants upon plaint-iff's behalf. By means of the confession of the judgment the defendants not only became the owners of the plaintiff's demand but could issue execution at once and levy upon all of the property of Spruce & Leary, including some property such as grindstones and the manufactured files, etc., and all other property created or acquired during the last six months and since the giving of the chattel mortgage, and which was to the amount of the plaintiff's debt as well as their own against Spruce & Leary. Moreover the effect of including the plaintiff's debt in this judgment and with the

plaintiff's assent thereto would be to preclude the plaintiff from obtaining any judgment in its favor upon its demand and remove all possibility of any preference to the plaintiff over the defendants or any rivalry or contest between plaintiff and the defendants in the collecting or securing of the defendant's debt. The effect of the transaction was to transfer the plaintiff's debt to the defendants and to allow the defendants to wield control and collect the same. Immediately upon the completion of this arrangement and the confession of the judgment pursuant to the arrangement, the defendants were let into possession of all the property and carried on the business for themselves and for their own benefit and without the interference of other creditors for some two months or more. The defendants paid all the debts assumed in the judgment except the debt owing the plaintiff and the one owing to Wheeler & Miller by Spruce & Leary.

It seems to me there was in this case sufficient evidence from which the jury might have found a good consideration for the promise to pay the plaintiff and further that the consideration was characterized by the element which removes the promise beyond the operation of the Statute of Frauds. Marie *v.* Garrison, 83 N. Y. 14 ; Todd *v.* Weber, 95 Id. 181, 192.

This case presents features somewhat peculiar in this class of cases. In most of such cases the promise of the defendant was made to the debtor to pay his debt to his creditor, but in this case the promise was made to the plaintiff, the creditor, to pay the debt owing by Spruce & Leary to it, and the promise was also made to Spruce & Leary, the debtors, to pay the debt they owed the plaintiff. The promise was twofold, being to plaintiff, the creditor, and to Spruce & Leary, the debtors. And if the promise had been made only to Spruce & Leary upon a sufficient and proper consideration to pay their debt to the plaintiff, the latter could maintain an action to recover it in its own

name.    Todd *v.* Weber, 95 N. Y. 194, 195; citing Barker *v.* Bucklin, 2 Denio, 45; Judson *v.* Gray, 17 How. Pr. 289; Hendrick *v.* Lindsay, 93 U. S., 143, and other cases. Hence, this case is free from any possible embarrassment arising in the cases of Lawrence *v.* Fox, 20 N. Y. 268; Burr *v.* Beers, 24 Id. 178, (but is in entire harmony with them and kindred cases).    And I also think that the evidence contained in the record upon this appeal presents a question quite distinct and independent of the ground upon which the decision in this case was based, in the opinion of the learned general term, reported in 39 Hun, 468.

The general term based its judgment mainly upon the ground that the assumption to pay the plaintiff's debt was to be found only in the statement of the confession of judgment; for outside of that, it is said in that opinion, " it is without support in the proof," and so the decision upon that appeal did not rest upon the express promises made to the plaintiff and to Spruce & Leary by defendant to pay plaintiff's debt, upon which we think this appeal should rest.    It is not necessary to discuss the question whether the assumption contained in the judgment would alone support a recovery by plaintiff, or what, if any effect, was produced upon the relations between plaintiff and defendants after the confession of the judgment by the order setting the same aside, whether that order was obtained by collusion (as may well be inferred from the evidence) or not.    But it may well be suggested, without further discussion of the question whether the confession was alone sufficient to render the defendants liable to pay the sum owing plaintiff by Spruce & Leary, that such confession tends in a large degree as evidence to support the existence of the parol promises sought to be established in this case.    The fact is beyond question that the verified statement shows that Spruce & Leary owed plaintiff the sum sought to be recovered of the defendants in this action; that the defendants assumed the debt without any qualification, and that judgment was recovered by defend-

ants against Spruce & Leary for that sum, in addition to the sum they owed defendants, and that the defendants hold Spruce & Leary liable for that sum as a debt by specialty in any and all the ways provided for the enforcement of a debt.

It might well be urged from the evidence in this case, and under the broad allegations of the complaint, that the consideration for the promise of the defendants was the transfer by the plaintiff to the defendants, and their ownership of the plaintiff's debt against Spruce & Leary as established by the judgment. While it is true that the trial in the court below did not proceed distinctly upon the ground of a purchase and a promise to pay plaintiff for their debt against Spruce & Leary, it nevertheless furnishes very significant evidence of a consideration for the promise of the defendants. Nor is there with these views any occasion to consider whether the defendants made or lost money by the transaction, or whether the property was worth more or less than the amount of the mortgages upon it, or whether the judgment by confession was valid, or was collusively set aside by the defendants, and the other judgment creditor, who sold and realized from the sale of the grindstones. The confession of the judgment was one of the means employed to effectuate the end.

It is quite apparent from the whole case, that the defendants' object was to obtain immediate control and possession of the property and business of Spruce & Leary for their own benefit, and to the exclusion of all other creditors except such of them as Spruce & Leary especially desired should be paid. The defendants after having possession of the plant, and working up the stock of Spruce & Leary as their own, and for their own benefit, and supposing that their chattel mortgage covered the grindstones, and that their judgment and execution had become dormant as to the subsequent creditors, concluded that they could hold everything under their mortgage, and so did not care any longer to preserve the judgment.

In conclusion it is manifest, or the jury might have found from the evidence, that what the defendants sought and obtained by the confession of judgment, and the rest of the transaction, was the immediate possession and control of the entire property, and the means of keeping at bay all but the favored creditors, but in doing so the defendants acquired property and a position which formed the new independent consideration for their parol promise in the language of the cases cited, and of Shelton *v.* Brewster, 8 Johns. 376, and gave to the court the power to adjudge that the defendants should do that which all the parties agreed, and at the time in good faith doubtless intended to do.

The plaintiff's contention was substantially that the evidence was sufficient to warrant and require its submission to the jury to determine whether the defendants made the promises and the sufficiency of the consideration of the promises.

We think the respondents' suggestion and criticism in respect to what the appellant asked to have submitted to the jury entirely too narrow and technical.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BRADLEY, J.—The view taken by me is that the promise, which the evidence tended to prove was made by the defendants to Spruce & Leary at the time of the confession of judgment to pay the debt due from the latter to the plaintiff must, standing alone, be treated as then made for the benefit of Spruce & Leary, and did not charge the defendants with liability to the plaintiff. Garnsey *v.* Rogers, 47 N. Y. 233 ; Pardee *v.* Treat, 82 Id. 385. But the jury were permitted by the evidence to find that shortly thereafter at an interview in the bank with the plaintiff's cashier, the latter was informed of what had been done and of the promise made, and he ratified the transaction, and that the defendants then repeated to the cashier their promise to pay

the plaintiff's claim which had been included in the confession of judgment which was afterwards perfected by the defendants. If such was the state of facts it may have operated to transfer the plaintiff's relation as creditor of Spruce & Leary to the defendants in respect to such claim, and was sufficient to support the promise of the defendants to pay the amount of it to the plaintiff. This was as effectual to charge the defendants with liability to the plaintiff as if the transaction had originally been had between all the parties interested and the promise, founded upon it, then made.

In that view the defendants were permitted to take in their favor a judgment embracing the amount of the debt due from Spruce & Leary to the plaintiff and such benefits as they could derive from it as the consideration of their promise made to pay the plaintiff. In practical effect it was a promise of the defendants to pay the plaintiff for what they in that manner received from it. The judgment was afterwards set aside on the motion of another judgment creditor of Spruce & Leary. And upon that fact the suggestion is made that the consideration of the promise failed. It is unnecessary for the purpose of this review to consider that question, inasmuch as the inference was justified by the evidence that the defendants permitted the judgment to be set aside. The evidence bearing upon that question was to the effect that the omission of the defendants' attorney to oppose the motion was occasioned by his communication with his clients upon that subject. These views lead to the conclusion that upon the conflicting evidence there were questions of fact which should have been submitted to the jury. For these reasons I concur in the conclusion reached by Judge POTTER, that a new trial should be granted.

Judgment reversed and new trial granted, costs to abide event.

HAIGHT, J., concurs; PARKER, J., concurs in result; FOLLETT, Ch. J., and BROWN, J., dissenting; VANN, J., not voting.