ALBANY,
Feb. 1811.

SLINGERLAND *against* MORSE and others.

SLINGER-
LAND
v.
MORSE and
others.

THIS was an action of *assumpsit*. The declaration stated that the defendants, on the 7th *June*, 1809, in consideration that the plaintiff had delivered to the defendants, two horses, eight beds, two cows, &c. the defendants undertook, and by their agreement in writing promised the plaintiff to deliver the same articles to the plaintiff when he should demand the same, or pay the plaintiff 450 dollars. The plaintiff averred that he demanded the goods of the defendants on the 1st of *August*, 1809, and the defendants have not delivered them, &c. or paid the 450 dollars, but have refused, &c. The defendants pleaded *non assumpsit*, with notice of special matter to be given in evidence.

The cause was tried at the *Saratoga* circuit, the 29th *May*, 1810, before Mr. Justice *Van Ness*. The plaintiff proved that one *Buys* was duly authorized by the plaintiff to distrain for rent due to the plaintiff from his tenant, to the amount of 450 dollars, and that the articles mentioned in the declaration were duly distrained, of which notice was given to the tenant, accompanied with an inventory of the articles distrained; but the goods were not removed. The defendants, at the request of the tenant, signed an agreement, endorsed on the back of an inventory of the goods, as follows : " We do hereby promise to deliver to *Peter Slingerland* all the goods and chattels contained in the within inventory, in six days after demand, or pay the said *Peter* 450 dollars. *June* 7, 1809." *Buys* thereupon suspended the sale of the goods, and left them in the house of the tenant. The counsel for the plaintiff then offered to prove a demand of the goods, &c. and a refusal, prior to the commencement of the suit. But it was objected that the agreement was a mere collateral undertaking, and as no

Where a landlord distrained the goods of his tenant for rent in arrear, and *A.* signed an agreement on the back of the inventory, by which he " promised to deliver all the goods contained in the inventory, to the landlord, in six days after demand, or pay him 450 dollars, being the amount of the rent due; it was held, that this was an original and not a collateral undertaking, and an action might be maintained against *A* for a breach of the promise.

ALBANY,
Feb. 1811.

SLINGER-
LAND
v.
MORSE and
others.

consideration was expressed or appeared on the face of the writing, it was void.

The judge, being of opinion that it was a collateral undertaking, and that as no consideration appeared on the face of the paper, no action could be maintained; and he rejected the evidence offered; and the plaintiff was nonsuited. A bill of exceptions was tendered to the opinion of the judge, and signed by him, pursuant to the act.

*Rodman*, for the plaintiff, moved to set aside the nonsuit, and for a new trial. He cited 1 *Saund.* 211. note 2. 3 *Johns. Rep.* 210. 4 *Johns. Rep.* 280. 1 *Comyn on Contracts*, 104.

*Foot*, contra.

*Per Curiam.* This was an original and not a collateral undertaking. The case of *William* v. *Leper*, (3 *Burr.* 1886.) is very much in point. Here the plaintiff, as landlord, had a legal pledge in his custody, and the defendants made the promise in order to discharge the goods of the distress. According to the expression of Mr. Justice *Aston*, the goods here were the debtor. Whether this promise would not be good even as a collateral undertaking is another question. Lord *Eldon* says (14 *Vesey*, 190.) that in cases of a collateral undertaking to pay the debt of another, there is *no new* consideration moving from the party making the promise to the party to whom it is made; and the same idea is advanced by the counsel for the plaintiff in the case cited from *Burrow*. But on this point we give no opinion. In the case of *Sears* v. *Brink & Brink*, (3 *Johns. Rep.* 210.) there was a consideration admitted, and the court say that the consideration was part of the agreement, and ought to have been in writing; but the question did not arise as to what would have been the effect of the writing, if it had not been

averred and admitted that there was a consideration constituting a part of the agreement.

The motion to set aside the nonsuit is granted, with costs to abide the event of the suit.

Motion granted.