### SKELTON *against* BREWSTER.

*Where A. in consideration that B. would deliver him all his household goods, and that C. would discharge B. from execution, promised to pay C. the amount of the execution, this was held to be an original undertaking and not within the statute of frauds.*

IN error, on *certiorari*, from a justice's court. *Brewster* sued *Skelton* before the justice; and declared on a promise, made by *Skelton*, to pay the amount due on a certain execution against one *W. S.* being the sum of 25 dollars. The defendant pleaded *non assumpsit*. On the trial, the plaintiff proved, that *Brewster* recovered judgment, and took out an execution for 25 dollars, against *W. S.* and that the defendant, the said *W. S.* delivered all his household goods to the present defendant, who received them, and thereupon, and in consideration that the plaintiff would discharge the said *W. S.* from the execution, promised to pay the plaintiff 25 dollars.

*Campbell*, for the plaintiff in error, contended, that the promise being a parol and collateral undertaking, was void by the statute of frauds. He cited 4 *Johns. Rep.* 422. 7 *Johns. Rep.* 463., *Rob. on Frauds*, 225. *Burr. Rep.* 1886.

*Ford*, contra, said, that this case came within the third class of cases stated in the case of *Leonard* v. *Vredenburgh;*[*] and the promise was to be considered as an original, not a collateral undertaking.

* *Ante*, 29.

*Per Curiam.* This is not a case within the statute of frauds. The promise of the defendant below, to pay the judgment against a third person, was founded on a new

and distinct consideration, which was the delivery of the goods of such person, and the plaintiff's discharge of the judgment. It is then to be conside.ed in the light of an original promise, and so the law was declared by this court, in the case of *Leonard* v. *Vredenburgh.* The judgment must be affirmed.

Judgment affirmed.