### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF NEW-YORK,

IN JULY TERM, 1833, IN THE FIFTY-EIGHTH YEAR OF OUR INDEPENDENCE.

---

## MERCEIN vs. ANDRUS & MACK.

A *partner* is not liable to the payment of a note endorsed by his copartner in the name of the firm, out of the course of the partnership concerns, although he be present and hear the arrangement respecting the endorsement; his assent must be *proved*, and will not be *presumed*.

A promise to pay the debt of a third person, in consideration of the *promisee* surrendering property levied upon by execution, is an *original undertaking*, and need not be in writing to render it valid.

THIS was an action of assumpsit, tried at the Tompkins circuit in June, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The declaration contained three special counts, and also the common money counts. In the *first count*, the plaintiff states that in consideration of his abandoning a *levy* made under an execution in his favor, on the property of one *Ephraim Reed*, the defendant in the execution, the defendants in this cause promised that they would *pay off and discharge* the damages and costs due from Reed to the plaintiff, (which had been stated to be $265,83,) and that he did accordingly abandon the levy. In the *second count* it is stated, that for the like consideration, the defendants promised that they would *take care* and *have the plaintiff paid* his demand against Reed; and in the *third count* it is stated, that in consideration that the plaintiff would *forbear* and *give time* to Reed for the payment

of $250, owing by him to the plaintiff, for the term of 88 days, the defendants promised to pay to the plaintiff $150 at the expiration of that time. On the trial of the cause, the levy of an execution in favor of the plaintiff against Reed, for the sum of $253,83, on the property of Reed, was shewn ; and it was proved that after the levy, it was proposed that the defendants should endorse a note for Reed, payable at the bank in 88 days, for the sum of $150, and that the property levied upon should be released. The witness (the attorney for the plaintiff in the execution against Reed) stated that *Andrus*, one of the defendants, was by and agreed to the arrangement, and according to his best recollection and belief, *Mack*, the other defendant, was present and conversed on the subject, but he was not positive ; his strong impression was, he was there. On his cross-examination, he said that he never had any conversation with *Mack*, in relation to being security for Reed for the demand of the plaintiff, except it was his impression that *Mack* was present at the time before spoken of by him, and that he had no conversation with Mack relating to the transaction afterwards. He further testified, that on the next day *Andrus* told him that they wanted the sum of $300, or thereabouts, to meet a note which they had endorsed for Reed, and they had concluded to draw a note for $600 and try to get it discounted at the Branch Bank at Ithica ; and that thereupon a note for $600 was drawn by Reed, payable to the defendants, and endorsed " in the name of Mack & Andrus," and delivered to the witness as security for the sum of $150, part of the judgment. *Andrus*, one of the defendants, agreed that the plaintiff should have that sum out of the note, and the witness lodged the note in the bank for the benefit of the plaintiff, to the amount of $150. The property levied upon was released from the execution, and the demand, with interest, was proved to be $181,21. The defendants insisted that the promise being to pay the debt of a third person, and not being in writing, was void within the statute of frauds, and that *Andrus* could not bind his *partner*, except in partnership concerns. The judge ruled that a promise, founded on the consideration of surrendering up property levied on by execution, is an original undertaking, and need

not be in writing; and whether the proof made out such a case, he submitted to the jury; and as to the other point raised, he instructed the jury that, as a general principle, it was true that one partner could not bind another, except as to the partnership concerns, but if they believed the testimony, it was not applicable to this case; that if they believed that *Mack* was present at the time of the arrangement, and heard it made by his copartner, the law would presume that he assented to it, and he would be as much bound by the bargain as if he had made it himself, and whether he was present was a point for them to determine. The jury found for the plaintiff for the amount claimed. The defendants move for a new trial.

*S. Mack*, for defendants.

*J. A. Collier*, for plaintiff.

*By the Court*, SAVAGE, Ch. J. It is apparent, from comparing the declaration with the testimony, that the promise proved does not sustain any one count in the declaration. This objection, however, was not taken upon the trial; it could not be taken, therefore, upon the argument, as it is possible it might have been obviated at the trial.

The promise proved was to endorse a note for $150. This is the only promise which it is alleged was made or assented to by Mack. There is not a particle of testimony to shew that Mack ever assented to, or knew of the endorsement of the $600 note.

The judge correctly stated to the jury, that where the promise of one person to pay the debt of another was founded upon the consideration of surrendering up property levied on by an execution, the promise was an original undertaking, and need not be in writing to be valid; that it was not within the statute of frauds. Whether the evidence proved such a case was submitted to the jury.

The judge also stated correctly the principle that one partner cannot bind his copartner, except in transactions relating to the business of the copartnership; but he proceeded to say that principle was not applicable to this case; for if they be-

lieved that Mack was present and heard the arrangement made by his copartner, the law would presume he assented to it, and he would be as much bound by the bargain as if he made it himself; and whether he was present was a point for them to determine. In this, I think the judge was mistaken. Had the transaction related to a partnership concern, both would have been bound; but this did not, and no man can be bound by implication; it must be by his express agreement. What was said or agreed to by *Andrus*, was of no greater force or effect upon *Mack*, than if they had not been connected in business. There is no pretence that Mack was liable upon the note on which his name appeared; he never assented to that arrangement at all. If he ever assented to any arrangement, it was to endorse a note for $150; and there is no pretence that such a note was made.

New trial granted; costs to abide the event.