## VAN SLYCK *vs.* PULVER, Adm'r, &c.

Plaintiff had levied on the property of B. under execution; defendant's intestate promised plaintiff, if he would stop proceedings and not sell or remove the furniture, that he would pay the debt; plaintiff then told the constable, who had levied on the goods, not to proceed further with the execution. *Held,* that the promise, not being in writing, was void under the statute of frauds.

The simple forbearance by plaintiff from proceeding further with the execution was not a good consideration for the promise. That might have been so, if the promise had been in writing; but it is good for nothing when invoked to sustain a mere parol promise that another's debt shall be paid.

ERROR from New York common pleas, where the cause was by appeal, by P. A. Pulver, the intestate. Van Slyck sued P. A. Pulver and declared that having an execution against one Bullock, under which his property had been seized, the defendant, in consideration that he would stop further proceedings, &c., and not sell or remove the property, promised to pay the debt; that relying, &c., the plaintiff did stop, &c., and lost his lien, &c. The evidence is sufficiently stated in the opinion of the court.

*By the Court*, COWEN, J. The only proof of the alleged contract was the plaintiff's (Van Slyck's) own declaration. After the constable had seized property sufficient to satisfy the execution, the plaintiff and Pulver (the intestate) came together at the office of the justice who rendered the judgment; where, pursuant to their request, the justice drew the assignment of a wagon from the intestate to Van Slyck, expressed to be a security for the debt due.on the judgment and execution. The wagon was held by the intestate by virtue of a mortgage. The assignment was executed by both parties at the justice's office, when the parties went out of doors for a few minutes; and while there with the constable, Van Slyck, addressing the constable in the hearing of the intestate, told him (the constable) "you need not proceed any farther with the execution, as Pulver has agreed to pay it." The constable then left and did not proceed farther.

The intestate insisted that the agreement between the parties spoken of by the plaintiff was the written one, which the plaintiff must produce and rely upon; but he answered that the agreement he went upon was the subsequent one by parol out of doors; and the court overruled the objection, deciding and charging the jury, that the subsequent parol agreement was distinct and independent; and though by parol, it was valid. Several other decisions were made which were excepted to; but they need not be noticed, for I am of opinion that the court erred in the above two vital respects. It is extremely doubtful, upon a just construction of what the plaintiff said to the constable, whether he could have alluded

Van Slyck v. Pulver.

to any agreement for paying the execution independent of the written assignment, which the intestate had just executed to secure it. If it was susceptible of any other interpretation it should at least have been left to the jury. The words were the plaintiff's own; and all the evidence against the intestate lay in his silence. But as the plaintiff himself stated the promise, allowing it to be an independent one, it is void by the statute of frauds and perjuries. The case is supposed to fall within *Mercein* v. *Mack*, 10 Wend., 461, which holds that if a man promise by parol, in consideration that the promisee relinquish a lien, he is liable. But in that case the release of the property was a part of the contract. All that Van Slyck by his own showing made out, comes to no more than a naked promise to pay the debt. The direction to the constable not to proceed was put forward as a mere consequence of the promise; and the loss of the lien was a consequence of that. Considering the manner in which the promise of the intestate was sought to be made out, the declaration should have been most full and explicit. Every ambiguity should have been turned by the court below against him, whereas a binding promise seems to have been taken for granted. The plaintiff should, I think, have been nonsuited when the motion was made for a nonsuit, on the ground, among others, that the promise was within the statute of frauds. But there is also an error in the charge. The case was put to the jury as if even the consideration of relinquishment was unnecessary. They were told that simple forbearance was a good consideration for the promise. That might have been so, if the promise had been in writing; but it is good for nothing when invoked to sustain a mere parol promise that another's debt shall be paid. To render it available in such a case, it must be recited in a written stipulation to pay. (*Caperton* v. *Gray*, 4 Yerg. 563.)

Judgment reversed.