## FAY *vs.* BELL.

A promise by defendant to pay for work done by plaintiff on the goods of a third party on which plaintiff has a lien for his work, and which lien plaintiff thereupon relinquishes, is not within the statute of frauds.

ERROR to the common pleas. The facts are stated in the opinion of the court.

*By the Court,* BEARDSLY, J. Bell sued Fay in the justice's court in assumpsit and recovered judgment for forty-eight cents damages with costs. It appeared on the trial that one Daharch had employed the plaintiff to mend a shoe and a pair of boots. The plaintiff's charge for the whole work was one dollar, fifty-two cents of which had been paid by the defendant, and this suit was brought to recover the balance. The defendant denied that he agreed to pay for any thing except the work done on the boots, and he also insisted that the promise to pay for repairing the shoe, if proved, was void as an undertaking to pay the debt of Daharch. When the promise was made the boots were with the plaintiff, who had a lien upon them as security for their repair, but the shoe had already been mended and sent home, and as to that the lien was gone. The plaintiff insisted that the defendant promised to pay for both jobs, and the jury were perhaps justified in finding the fact to be so. Such being the case the promise was not within the statute. It was a new undertaking founded on a new and distinct consideration, the relinquishment by the plaintiff of his lien on the boots, and which was sufficient to uphold the promise made. (1 Cow. Treatise, 281; 1 Esp. N. P. R., 122, note; *Houlditch* v. *Milne,* 3 Esp. N. P. R., 86; *Williams* v. *Leaper,* 2 Wilson, 308; *Slin-*

*gerland* v. *Morse*, 7 Johns., 463 ; *Shelton* v. *Brewster*, 8 Johns., 376 ; *Mercein* v. *Andrus*, 10 Wend., 461 ; *Rogers* v. *Kneeland*, 13 Wend., 114 ; *Olmstead* v. *Greenly*, 18 Johns., 12 ; *Lore's* case, 1 Salk., 28 ; *Romlinson* v. *Gibb*, Ambler, 330.)

The judgment of the common pleas should be affirmed.

Judgment affirmed.