SIMON STERN v. ABRAHAM DRINKER.

The parol promise of a third person, to pay a judgment debt, in consideration that the plaintiff in execution will abandon a levy upon property of the judgment debtor, is void under the statute of frauds.

Review of judicial decisions relating to the point above determined. *Per* INGRAHAM, FIRST J. (a)

---

(a) See *Phillips* v. *Gray, post,* April term.

Stern *v.* Drinker.

In a declaration upon a promise, it is not necessary to *aver* that the promise is in writing, although the same be void if by parol. The statute of frauds has introduced a new rule of *evidence,* and not a new rule of *pleading;* and a demurrer to a complaint, on the ground that such a promise is not alleged to be in writing, cannot be sustained.

The 145th section of the Code of Procedure is limited in its application to courts of record.

Hence, a general demurrer, wherein the grounds of objection to the complaint are not stated, is sufficient in the justices' courts.

A demurrer may be interposed in courts of record, for objections which constitute no ground therefor in courts wherein less formality in pleading is required.

When, in a justice's court, a pleading is demurred to, the court, if it deem the objection well founded, is bound by law to order the pleading to be amended; and if the party refuse to amend, the defective pleading must be disregarded.

It is error for the justice to give final judgment upon the demurrer, in favor of the objecting party, without ordering an amendment; but this court will not feel called upon to reverse a judgment thus rendered, in a case where the error of the justice, in that respect, has neither formed the subject of objection in the court below, nor been stated bv the appellant as a ground of appeal. (*a*)

THIS was an appeal by the plaintiff, from a judgment of the Fourth District Court, in favor of the defendant, upon a demurrer to the complaint. The facts are stated in the opinion of INGRAHAM, FIRST J.

*Jacob I. Radcliffe* and *D. P. Whedon,* for the appellant.

*Owen E. Westlake,* for the respondent.

INGRAHAM, FIRST J.—The plaintiff's complaint alleged that he recovered a judgment against one Nusbaun for $45; that he issued an execution thereon, and levied on sufficient property of the defendant to satisfy the judgment; that the defendant agreed with him, that if the plaintiff would release and abandon the levy, and deliver the property to the debtor, he, the defendant, would pay the plaintiff the amount of the

---

(*a*) On the argument of this appeal, the counsel for both parties admitted that the promise declared upon was by parol.

said judgment; that the plaintiff did abandon such levy, and now claims to recover from the defendant the amount of the judgment.

To this complaint the defendant demurred generally, and the court below rendered judgment for the defendant.

1. The demurrer was sufficient, without specifying the grounds of demurrer. The section of the Code which requires a demurrer to be special, does not apply to justices' courts, and the same causes which are grounds of demurrer in courts of record, do not warrant a demurrer in these courts.

The justice erred, however, in giving final judgment for the defendant on the demurrer. By subdivision 7 of sec. 64, it is provided, "If the court decide the objection taken by demurrer well founded, the court shall order the pleading to be amended; and if the party refuse to amend, the defective pleading shall be disregarded." This objection, however, is not stated as a ground of appeal, and we ought not to reverse on that error.

2. The question upon the merits is, whether the plaintiff's complaint contains a cause of action—and this involves the decision of the question, whether a parol promise made to a judgment creditor, to pay the amount of the judgment, upon condition that he will release to the debtor his property levied upon under an execution issued on the judgment, is within the statute of frauds.

There can be no doubt that there was a sufficient consideration to sustain the promise. That consideration was releasing a valid levy made under one execution on the judgment, sufficient to satisfy it. Either benefit to the promissor or harm to the promissee, is a sufficient consideration, and the release of sufficient property to pay the debt would be an injury to the plaintiff. (10 Wend. 461; 20 Ib. 184.)

The justice, in deciding for the defendant, must have considered the promise void, because the same was not in writing. That it was to pay the debt of another must be conceded. It was to pay the judgment against Nusbaun, which the plaintiff then

held, and the promise to pay it by the defendant did not relieve Nusbaun from liability.

We have been referred to two cases which the appellant's counsel insist are in point and must decide the case in his favor. Numerous other cases may be found to the contrary. In *Sampson* v. *Patton*, (4 Johns. R. 222,) a promise in consideration of forbearance not to sue, was held to be void, because not in writing. In *Jackson* v. *Raynor*, (12 Johns. R. 291,) the same point was in like manner decided. (So, also, 2 St. 873 ; 2 Wend. 94 ; 20 Ib. 204.)

There is another class of cases in which the courts have held the promise not to be within the statute. I refer to those where a third person, on good consideration, promised the creditors to pay the debt of another, having in his possession property of the debtor, out of which to make the payment. (*Williams* v. *Loper*, 3 Bun. 1,886 ; 4 Cow. 435 ; 2 Denio, 45 ; 10 J. R. 412 ; *Lippincott* v. *Ashfield*, 4 Sandf. S. C. R. 615.)

In 2d Denio, 45, Judge Jewett says, "It may be laid down as a rule, admitting of no exception, that when a promise is made to a creditor, by a third person, to answer for the debt of the debtor, another person, it cannot be upheld, although founded upon a new consideration from the creditors, unless the agreement be in writing; and that no agreement, made between the debtor and a third person, by which the latter promises a sufficient consideration to pay a debt owing by the former to his creditor, is within the statute, whether in writing or by parol."

This refers to a third class of cases, where a third person receives property from the debtor, and promises the debtor to pay the proceeds thereof to the creditor, for the debtor. The last two classes are similar, and rest on the same basis, viz., the possession of property of the debtor, which the promissor undertakes to apply to the payment of the debtor's debt. This was the ground of the decision in 4 Cow. 435, and the same is referred to in the decision in *Watson* v. *Randall*, 20 Wend. 204. In referring to that case, the judge

says, " certain cases there referred to may have been regarded as original promises, the defendants in each case having received property from the debtor, as inducement to the undertaking." The cases relied upon by the appellant are, *Slingerland* v. *Mone*, 7 J. R. 463; *Mércein* v. *Mark*, 10 Wend. 461; *Smith* v. *Weed*, 20 Id. 184.

In *Slingerland* v. *Mone*, the goods levied on were delivered to the defendant, who undertook, in writing, to return them, or pay $450. This was held to be an original undertaking. It was not the agreement to pay the debt of the debtor, but to return the goods received or pay the value.

In *Mercein* v. *Mark*, the promise was to endorse a note for the debtor; and although, in that case, the judge stated the proposition, that when the promise of one person to pay the debt of another was founded upon the consideration of surrendering up property levied on by an execution, the promise was an original undertaking—it was not necessary to the decision of that case.

In *Smith* v. *Weed* it does not appear whether the promise was in writing or not; and the only question made there was as to the validity of the consideration.

I concur in the views of Judge SILL on this question, as stated in *Kingsley* v. *Balcom*, 4 Barb. S. C. R. p. 131: "In the course of this examination I have seen it repeatedly laid down as the rule, that when the promise arises out of some new and original consideration of benefit or harm moving between the contracting parties, the promise is not within the statute. "If this were so, the statute would be nullified; for a promise would be always binding, where there is a good consideration for it. "The true rule is, that the new consideration spoken of must be such as to shift the actual indebtedness to the new promissor, so that, as between him and the original debtor, he must be bound to pay the debt as his own."

In the present case, the original debt remained; the property was given up to the debtor, and not to the defendant; the defendant received no property, and owed no debt which

he promised to pay to the plaintiff; but simply in considera-
tion of the plaintiff's relinquishing to the debtor the debtor's
property, he promised to pay the debtor's debt. I cannot
imagine a promise to pay the debt of another, if the one
under consideration is not one. Assuming the promise to
have been by parol, as conceded on the argument, I think
the judgment on the merits was correct; but as the court
was in error in giving judgment on the demurrer, instead of
ordering the pleading to be amended, I concur in the sug-
gestion of Judge WOODRUFF, as to the proper order to be made
on this appeal.

WOODRUFF, J.—I concur with the first judge in the con-
clusion that the promise made by the defendant, alleged in
the complaint herein, is within the statute of frauds, and is
void, if not in writing, although the consideration stated is
amply sufficient to sustain it, if it were in a writing expressing
that consideration.

But this is the first instance, within my observation, in
which judgment was ever ordered for a defendant upon a
demurrer to a declaration, because the promise declared upon
was not *averred to be in writing.*

It is not necessary, in declaring upon a promise, (although
it be confessedly within the statute, and if not in writing,
void,) to *aver* that it was written. It is sufficient for the
plaintiff if it appear *in evidence* on the trial *in writing.*
(Roberts on Frauds, 156, 202 ; Buller's N. P. 279 ; 3 Burr,
1,890.) And for the well settled reason that the statute in-
troduces a new rule of evidence only and not a new rule of
*pleading.* And this rule is applicable to all contracts within
the statute. (1 Saund. R. 276, note 2, to *Duffe* v. *Mayo;*
*Case* v. *Barber,* 3 Raym. 451 ; *Birch* v. *Bellamy,* 12 Mod.
540 ; *Hutchinson* v. *Hewson,* 7 T. R. 350, n.)

Whether the evidence will support the claim, is a question
which does not arise upon the *pleading,* but upon the trial
of an issue thereon. For it is only necessary in pleading to
state the legal effect, to wit, *the promise.* And if it appear

on the trial that the defendant made no binding promise, then in judgment of law he made *no* promise. (*Vide* 3 T. R. 159; *Read* v. *Brookman*, by Ld. Kenyan; see, also, 2 Chit. Pl. 121, n. s., 123, n. x; 2 Saund. Pl. & Ev. 546.)

It follows that a demurrer to the declaration confesses a legal promise, or at least that the objection that the agreement is not in writing cannot arise on demurrer to the declaration. The demurrer dispenses with proof, and assumes that the fact alleged is true, and might be proved by the only legal evidence of such a promise.

(A different rule has been applied to pleas in bar. *Villers* v. *Handley*, 2 Wils. 49; Roberts on Frauds, 202, n.; Buller, 279.)

The objection, then, that the agreement on which the action is brought should be in writing, or is void, arises on the trial and not on demurrer, and such will be found to be the mode of raising that objection. (See *Jackson* v. *Rayner*, 12 J. R. 291; *Howard* v. *Easton*, 7 J. R. 205; *Van Alstyne* v. *Whipple*, 5 Cowen, 162; *Lown* v. *Winters*, 7 Cowen, 263; *King* v. *Brown*, 2 Hill, 485.)

This view of the subject appears to have been overlooked by the court below, and by the counsel for both parties. But I am not willing, by affirming the judgment, to sanction a precedent which is so clearly erroneous. And yet as this point was not raised before the justice, nor raised by counsel on this appeal, and the argument of the plaintiff's counsel on the appeal concedes that the agreement is not in writing, a further prosecution of the action will not avail the plaintiff, and there would be no hardship in this particular case in holding that it is too late now to ask a reversal upon this ground, especially as an unqualified reversal would give the plaintiff costs. Under the circumstances, and in view of the further manifest error committed by the justice (referred to by the first judge) in not pursuing the practice directed by § 64, subd. 7, I think we shall best promote the ends of justice by suffering the plaintiff to *waive* any claim to costs on the appeal, and upon such waiver to reverse the judgment. If he do not elect to do this, he cannot complain that his

omission to raise the objections above adverted to, be held a waiver thereof, and the judgment be affirmed.

Judgment reversed, provided the plaintiff waives the costs of appeal; otherwise, affirmed with costs.