MILLS v. BROWN.

1. STATUTE OF FRAUDS: PROMISE FOR THE BENEFIT OF THE PROMISSOR.— A promise to pay the debt of another when made to subserve some object of the promissor is not within the statute of frauds.

2. SAME: PROMISE TO INDEMNIFY. A promise to indemnify one if he

will become the surety of another is an original undertaking and not within the statute of frauds.

3. APPLICATION. The foregoing rules applied to a state of facts disclosed by evidence.

*Appeal from Pottawattamie District Court.*

TUESDAY, DECEMBER 13.

ACTION on promissory notes executed by defendant to plaintiff. Defendant pleaded a set off of six hundred dollars, and alleged as cause therefor: "That he signed as security and became liable upon a certain promissory note executed by one P. G. Peterson to Thomas J. Allen for the sum of six hundred dollars, due on or before the 25th day of December 1857, and that he was induced to sign said note by certain false and fradulent representations to him made by said plaintiff, concerning the responsibility of said P. G. Peterson, stating to this defendant that he was the attorney of said P. G. Peterson; that he knew the condition of his affairs, and that if he should sign said note as security there would be no danger that he would ever have it to pay. And as a further consideration and inducement for the signing of said note, said plaintiff agreed with this defendant that if he would sign said note as security, he, plaintiff, would be responsible for the payment thereof, and expressly guarantied that this defendant should never have it to pay, and that if he did have it to pay, he, plaintiff, would refund to him the amount so paid; and agreed to indemnify him against any loss or damage that might accrue to him by reason of the signing of said note; and defendant says that he relied upon said promises and was induced thereby to sign the note. And defendant further answering says, he did have to pay said note, * * * * that said Thomas J. Allen recovered a judgment on said note against said P. G. Peterson and this defendant for the sum of $625,85, and the costs of suit amounting to $9,15. That the said Peterson at the time

said judgment was rendered was, and still is, insolvent. That execution issued on said judgment, and the property of this defendant was levied upon to satisfy said debt. That this defendant was compelled to pay off said judgment and costs to have his property released, which he did." Issue joined by replication.

On the trial it was shown by the evidence of Peterson that "Charles A. Henry and William D. Brown signed a note, he being the principal and they the security ;" that when he went to defendant to get him to sign the note, "Mills the plaintiff was with him," [and he (Peterson) told Brown (the defendant) that he could get his land if he could get Charles A. Henry, Brown and Mills, or any two of them to sign the note of six hundred dollars ; that Brown asked Mills why he did not sign the same, and Mills said he was Peterson's Attorney to get his land for him, and he could do better for him if he did not sign it; but that he did not believe that he (Brown) would lose a nights sleep, or a dollar, or a cent, if he signed the note; that he (Mills) was to have $100 as Attorney to get his land for him ; that he knew the condition of his (Peterson's) affairs and that there was no danger whatever in signing the note; and that he (Mills) would stand between him and all harm; and that thereupon Brown signed the note; that it had not been paid by him (Peterson) and that a judgment had been obtained against Brown thereon in the District Court of Nebraska Territory. It was shown by other evidence that Brown, the defendant, paid to Thomas J. Allen the sum of six hundred and fourteen dollars in full satisfaction of said judgment. Trial and verdict for the defendant. Motion by plaintiff in arrest of judgment and for a new trial on the following grounds:

1. The verdict is contrary to law.

2. The verdict is contrary to the evidence.

3. The verdict is contrary to the evidence and the law as given by the court.

, *Clinton* and *Stone* for the appellant.

. *Test & Tuttle,* for the appellee.

WRIGHT, J.—The authorities unite in declaring that whenever the main purpose of the person promising is not to answer for another, but to subserve some object of his own, the promise is not within the statute of frauds, although *in form* it may be a promise to pay another's debt, and although incidentally the performance of it may have the effect of extinguishing the liability of another. And in note (*m*) to 2 Parsons on Cont. 302, it is said that a promise by A to indemnify B for guaranteeing a debt due from C to D, is not within the statute as being an undertaking to answer for the debt of C. Par. Cont, *supra*; *Thomas* v. *Cook,* 8 B. & C., 728; *Chapin* v. *Merrill,* 4 Wend. 657; *Holmes* v. *Knight,* 10 N. H. 175; *Lucas* v. *Chamberlain,* 8 B. Monroe, 276.) In the last case it was expressly held that the incurring of liability at the request of another, is itself a sufficient consideration to support a promise of indemnity. Much more is this so if the effect of the liability so incurred, is to operate directly beneficially to the promissor. And in the same case it is held (following *Dunn* v. *West,* 5 B. Mon. 381) that a promise to indemnify one if he would become the surety of a third person, is an original promise and not within the statute.

Following the rules above briefly stated, we may dispose of the case before us in a few words. The instructions of the court to the jury are not before us. We are not able therefore to say what view of the law was taken in the court below; much less can we say that an erroneous view was taken. The only question then remaining is, whether under the evidence submitted, and the rules above stated, the verdict was so far against the testimony, as that it should be set aside. And we are clear that it was not. Upon the testimony, we think the verdict justified, either upon the

ground that the liability incurred operated directly to the benefit of the promissor; or, that it was a promise to indemnify one for becoming the surety of another. And so regarding this case, without recapitulating the testimony, we conclude that it should be affirmed.

Judgment affirmed.