By the Court—Robertson, J.
The only question of law arising in this case is, whether the part of the charge of the presiding Judge excepted to, —viz.: that the plaintiff was “ entitled to recover the value of the arti- “ cles sold, without any deduction on account of the back “ rent, unless the agreement was fully executed by delivery “ of the articles, and receipt of the same in .performance “ thereof; but if it had been so fully executed in such “ manner, then the defendant was entitled to be allowed “ the amount of the back rent,”—was correct. He had previously charged the Jury that the original agreement to pay such back rent was void, and wqs hot sufficient to support an agreement so¿! to pay it: This raises the question whether the delivery of chattels to a creditor of a third person, in satisfaction of the debt of such third person, without his being a party thereto, satisfies such debt, and prevents the party delivering them from recovering their value, as for goods sold and delivered, because they were delivered in performance of a void contract. I do not regard any of the cases arising out of other provisions of the statute of frauds, such as the sale and delivery of merchandise, as throwing any light upon this question. Unquestionably the delivery of any goods may be made the consideration of any promise not within the statute.
Most of the cases in which the interpretation of that part of the statute of frauds which avoids promises to answer for the debt of another (2 E. S., 135, § 2, subd., 2) is involved, have arisen on an attempt to enforce the promise. They leave the question undetermined how far the actual delivery of goods, or even money, in payment of the debt of another, without a written agreement to that effect, satisfies such debt and discharges the recipient of the goods or money from incurring any liability for them. It would seem that the evil the statute was* intended to guard against might arise as well from the *380 conversion, by parol evidence, of a sale of goods, or loan of money, into the mere payment of the debt of a third person, as from the proof, by like evidence only, of a prior executory promise to pay such debt. By the provision of the statute just referred to, the law presumes either that it is so rare for one man to assume to pay another’s debt, particularly without some inducement, or else that there is such danger that doubtful expressions may be converted, by inattentive or biassed witnesses, into positive promises, as to render it necessary to require the contract to be in writing, expressing the consideration. And it has been even held that partial performance of an agreement, or delivery of property, as a consideration for the promise, is not sufficient to uphold it. Thus, in Lord Lexington v. Clark, (2 Vent., 223,) the payment of the debt of another, a promise to pay which constituted part of the consideration of a-contract, it was held would not sustain a promise to pay another sum as a consideration for the occupation of certain premises. But this was modified in Wood v. Benson, (2 Crompt. & Jer., 94,) and Rand v. Mather, (11 Cush., 1,) where the legal part of a contract, so far as it was separable from a part that was void, was upheld. In Mallory v. Gillett, (21 N. Y. R., 412; S. C., 23 Barb., 610,) a promise to pay the debt of a third person, in consideration of the creditor delivering up to his debtor goods on which he had a lien for such debt, was held to be within the statute, and void, overruling Gardiner v. Hopkins (5 Wend., 23,) Mercein v. Andrus, (10 Wend., 461,) Singerland v. Morse, (7 Johns., 463,) and various other cases. The same principle was held in this Court, on a prior occasion, in Doolittle v. Naylor, (2 Bosw., 206.) Aone of these cases, however, affect the question of an executed contract to satisfy the debt of another. In such case, of course, the chattels or money are proved to be delivered, and the only question is, on what terms. An absolute gift«of them could be proved by parol, and there seems to be no reason why their application in payment of a debt may not be equally so. Of course, probabilities and circumstances could be *381 brought to bear on the fact of the agreement in either case. A third party, delivering chattels in satisfaction of a debt, as in this case, after inducing the creditor to accept them in payment of a debt., is estopped from alleging the voidability of the contract and claiming the price of the goods, as if they had been sold.
The only remaining question in the cause is one of fact, whether the chattels, the price of which is sued for, were delivered in satisfaction of the defendant’s claims for rent against the plaintiff and his son, pursuant to a previous agreement to that effect. To establish this we have the testimony of the defendant, corroborated by that of Dean, as to the promise to pay the back rent, while the testimony of the plaintiff and his son is directly against it. I do not see that Dean’s statement discredits the defendant’s as to the agreement, because the plaintiff might well have used the term “pay” in regard to the back rent, without meaning payment in money. Hor does he contradict himself by saying that the plaintiff said “he would pay the rent while he was there, or something to that effect,” because both may have been said, as he testified on his direct examination. The Jury had a right to consider whether the omission to state, in the answer first put in, the special agreement, was made because no such agreement existed, or because the counsel for the, defendant deemed it was sufficient to allege an indebtedness for rent generally. The Keferee found in his favor, on a former trial, on that ground, and the amendment was made after this Court, at General Term, reversed the judgment on the opposite ground. The case then rested on the defendant’s testimony, corroborated by Dean, and the testimony of the plaintiff and his son on the other. The account of the defendant was not improbable in itself. He allowed the plaintiff to stay in the store after he had threatened to dispossess him. The debt was due from a son of the latter, who had transferred to his father all his means of payment. The value of the furniture was near that of the debt due and to be received. But it was impossible to reconcile *382 the testimony. The plaintiff and his son swore that nothing was said about furniture in the interview in which the defendant claims that the agreement was made and the furniture selected. It might have been a circumstance of some value in disproving the defendant’s statements, that the furniture was not made or had not been covered in February, when the supposed agreement was made. As the testimony stands, it was a pure conflict of evidence, in which the weight of it is not so clearly one way as to justify setting aside the verdict.
The judgment and order denying a new trial must be affirmed with costs.