## JOHNSON v. KNAPP.

1. **Statute of frauds**: PROMISE TO PAY DEBT OF ANOTHER. Where the promise to pay the debt of another arises out of some new and original consideration moving between the newly contracting parties, the case is not within the statute.

2. —— RULE APPLIED. It is accordingly *held*, where A. sold a mare to B., B. agreeing, as part of the contract, to pay to C. a sum owing from A. to him for services of a stallion, that the case was not within the statute and might be established by parol evidence.

3. **Action**: BENEFICIARY. Where A. agrees with B. to pay a certain debt owing from B. to C., the latter may maintain suit thereon against A.

                    *Appeal from Linn Circuit Court.*

                         TUESDAY, JUNE 17.

THIS suit was commenced before a justice of the peace. The plaintiff, on the trial there, offered certain parol evidence,

which was excluded by the justice, on the ground that it was within the statute of frauds; and he rendered judgment for defendant. The plaintiff prosecuted a writ of error to the circuit court, where the ruling of the justice was affirmed. He now appeals to this court.

*Thompson & Davis* for the appellant.

*I. M. Preston & Son* for the appellee.

Cole, J. — The plaintiff brought this action before a justice of the peace to recover $30, which he claimed for the services of a stallion to two mares. Upon the trial, before the justice, the plaintiff offered in evidence the depositions of two different witnesses; one of whom testified, that he was present at a sale by one Burlingame, of two mares, to the defendant, for $130, paid down, and in addition thereto, the defendant further agreed, as part consideration for the purchase, to pay this plaintiff $30 for the services of the stallion during that season, if the mares proved with foal. The other witness testified, that both Burlingame and Knapp told him of the trade, and stated the terms as testified to by the first witness. The defendant objected to the reading of the depositions in evidence, claiming that they were inadmissible, by reason of the statute of frauds. The justice of the peace sustained the objection, and excluded the depositions. Judgment being rendered for the defendant, the plaintiff prosecuted a writ of error to the ruling of the justice, and in the circuit court his ruling was affirmed. The plaintiff appeals from the judgment of the circuit court to this court.

Both the justice and the circuit court erred. The rule is now too well settled, and has been too long acted upon, to admit of question, that, where the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties, the case is not within the statute. Or, as the same proposition has been stated by this court: " Whenever the main purpose of the per-

son promising is not to answer for the debt of another, but to subserve some object of his own, the promise is not within the statute of frauds, although, in form, it may be a promise to pay another's debt; and although, incidentally, the performance of it may have the effect of extinguishing the liability of another." *Mills* v. *Brown*, 11 Iowa, 314; *Leonard* v. *Vredenburg*, 8 Johns. 29 (*i. e.* 39); *Myers* v. *Belinger*, 15 id. 325; *Olmstead* v. *Greenly*, 18 id. 12; *Cleaveland* v. *Farley*, 9 Cow. 639; *Mercien* v. *Andrus*, 10 Wend. 461. See, See, also, *Mallory* v. *Gillett*, 21 N. Y. 412, where the authorities are elaborately reviewed by COMSTOCK, Ch. J. Also, *Lawrence* v. *Fox*, 20 N. Y. 268, where it is expressly held, that the creditor may maintain the action in his own name, although he was not a party, nor cognizant of it when made. See, also, remark of APPLETON, Ch. J., in *Campbell* v. *Stewart*, 58 Me. 439 (*i. e.* 445); S. C., 4 Am. R. 296 (*i. e.* 302). The cases are classified and arranged in 1 Smith's Lead. Cases (5th Am. ed.), 371 (*i. e.* 385–9). By paying the $30, the defendant will pay his own debt.

Reversed.