## POOLE, GILLAM & CO. v. HINTRAGER.

1. **Pleading:** EVIDENCE: VARIANCE. Plaintiff's petition alleged that defendant had purchased certain goods, but the evidence was to the effect that the purchase had been made for defendant by another as his agent: *held* that there was no variance between the pleading and the evidence, since the act of an agent is regarded by the law as the act of the principal.

2. **Evidence:** OBJECTIONS TO MUST BE MADE IN TRIAL COURT. The objection that books of account were for certain reasons improperly admitted upon the trial, cannot for the first time be urged in this court.

3. **Statute of Frauds:** INCOMING PARTNER ASSUMING FIRM DEBTS. An incoming partner may bind himself to pay the firm debts, in consideration of the property acquired by the purchase of an interest in the firm. Such agreement is not within the statute of frauds, and may be enforced by the creditors of the firm, though total strangers to the agreement.

4. **Instructions:** DEFINITENESS OF. Where the instructions explicitly informed the jury what facts they should find in order to authorize a verdict for the plaintiff, they were sufficiently definite.

5. ————: REPETITION NOT NECESSARY. It is not error to refuse an instruction asked, when the substance of it is embodied in an instruction given.

6. **Judgment:** AGAINST ONE OF TWO PARTNERS. Where the action was begun against two as partners, but was prosecuted as against one of them only, there was no error in rendering judgment upon a verdict against this one only. Code, §§ 2550–2553.

7. **Practice in Supreme Court:** EVIDENCE CONFLICTING, VERDICT SUSTAINED. Where the evidence is conflicting, this court will not set aside a verdict on the ground that it is not sustained by the evidence.

8. ————: COSTS WRONGFULLY MADE AND TAXED. Although costs may have been wrongfully made and taxed, this court will not make any order in regard thereto, where, on account of the determination of the main cause, the wrongs complained of work no prejudice to the complaining parties.

*Appeal from Buchanan Circuit Court.*

SATURDAY, DECEMBER 9.

THIS is an action at law against Charles L. Sumbardo, and Wm. Hintrager, as co-partners, to recover upon an account for goods sold to C. L. Sumbardo & Co. by plaintiff.

There was a judgment upon a verdict for plaintiff. Defendant appeals. The facts of the case necessary for a proper understanding of the points ruled appear in the opinion.

*L. M. Pollock* and *Robinson & Powers*, for appellant.

*Fouke & Lyon* and *Shiras, Vanduzee & Henderson*, for appellee.

BECK, J.—I. During the progress of the trial, evidence was introduced by plaintiff tending to show that defendant, Hintrager, bought out the interest of one Harper in a stock 1. PRACTICE: of goods owned by him and Sumbardo, under evidence: variance. the firm name of C. L. Sumbardo & Co., and that the purchase was made by Sumbardo as agent for defendant.

The evidence tending to show the purchase by Sumbardo, as agent of Hintrager, was objected to on the ground that it was not so alleged in the petition, the averment being that the purchase was made by Hintrager. While our system of pleading requires the allegation of facts upon which a claim or defense is based, it does not require the statement of matters of evidence which support the claim or defense. The purchase of the interest of Harper in the goods by Hintrager, is the essential fact upon which his liability is founded. The manner of purchase, whether by an agent or otherwise, is a matter that need not be alleged. The act of an agent is regarded by the law as the act of the principal, and it is sufficient to so allege it. Such allegation is supported by proof that the act was done by the agent. Counsel for the defendant cite no authority in conflict with this conclusion.

II. A written contract between Hintrager and Sumbardo providing for a co-partnership between them was introduced in evidence. Counsel for defendant insist that the oral testimony tending to show the purchase of Harper's interest by Hintrager is contradictory to the written contract, and, therefore, ought not to have been admitted. The objection is not

well taken. There is nothing in the contract inconsistent with the purchase of the Harper interest by Hintrager.

III. The books of account of the plaintiff were introduced in evidence. It is now insisted by defendant that they ought
**2. EVIDENCE: objections to: must be made in trial court.** not to have been admitted, for the reason that the ledger did not accompany the books, and that there was no evidence showing that certain persons, who made entries in the books and whose absence at the trial was sufficiently accounted for, were in the employment of plaintiff as clerks. It is sufficient to say that the record fails to show that these objections were made in the court below; they cannot be first urged here.

IV. The Circuit Court correctly held that, under the purchase by Hintrager of Harper's interest in the firm of C. L. Sumbardo & Co., if it should be found that Hintrager
**3. STATUTE of frauds: incoming partner assuming firm debt.** agreed to pay the firm debts, he is liable in the action to plaintiffs, creditors of the firm. The case is simply that of the incoming partner binding himself to become liable for the firm debt, in consideration of the property acquired by the purchase. Here, then, was a promise by Hintrager to Harper, upon sufficient consideration, to pay Harper's creditors, or the creditors of the firm of which he was a member. The agreement is not within the statute of frauds, and the creditors may recover thereon. *Johnson v. Knapp*, 36 Iowa, 616; *Phillips, Adm'r, v. Van Schaick et al.*, 37 Id., 229; *Morrison & Co. v. Hogue* 49 Id., 574.

It has been said that, when an incoming partner agrees with the old partners to assume the debts of the firm, the contract is binding as between the partners, but creditors of the firm cannot sue and recover upon it. See Parsons on Partnership (2d Edition) pp. 470–471.

We are unable to discover a reason for an exception to the general rule recognized by the decisions of this court, when applied to the contract of an incoming partner of the character of the contract in question in this case.

If Hintrager, in consideration of the purchase of the property from Harper, had agreed to pay Harper's debts, his creditors could recover upon the contract, though they were not parties thereto nor cognizant thereof, when it was made. *Johnson v. Knapp, supra.* Surely the facts that the property purchased was an interest in a co-partnership, and the creditors to be paid are those of the firm, cannot require the application of a different rule.

V. Counsel for defendant insist that the instructions given by the Circuit Court are not sufficiently definite as to the

4. INSTRUC-TIONS: definiteness of.

agreement which would render defendant liable in the action. We think this objection is without foundation. The ninth instruction explicitly informed the jury what facts they should find in order to authorize a verdict for plaintiff. It was not necessary for the court to refer to the conditions or terms of the agreement in any other manner.

VI. The defendant asked the court below to give an instruction (the 10th) which is to the effect that, if the jury

5. ———: repetition not necessary.

found certain facts touching the transaction between the parties, which authorized the conclusion that Hintrager was to furnish money to pay the debts of C. L. Sumbardo & Co., which was to be charged to Sumbardo as a loan, plaintiff could not recover. The court had instructed the jury, in substance, that plaintiffs could not recover, unless the jury found the contract upon which they relied. It was unnecessary to state other cases, and inform the jury that plaintiff could not recover upon proof thereof. They would understand from the instructions given that, unless they found the contract relied upon, plaintiff could not recover.

VII. The cause seems to have been tried as to Hintrager alone; no judgment was entered against Sumbardo, nor does

6. JUDGMENT against one of two partners.

it appear that the case was tried as to him. Defendant now urges that judgment should not have been rendered upon the verdict until the case was disposed

of as to Sumbardo. Under our statute, where parties are jointly bound by contract, or as partners, an action may be maintained against one of them. Code, §§ 2550–2553. Of course judgment may be rendered against one defendant, if the suit could have been prosecuted against him alone.

VIII. It is insisted by defendant that the verdict is not sufficiently supported by the testimony. The evidence is conflicting, and it cannot be said that upon any essential point of the case there was an absence of proof. We cannot, therefore, disturb the judgment rendered upon the verdict.

**7. PRACTICE** in supreme court : evidence conflicting : verdict sustained.

IX. On the day the trial of this cause was commenced, defendant, under leave of the court, amended his answer upon the condition of the payment of all the costs to that time. This order is complained of by defendant. We think it unusual to tax all the cost to a defendant upon amending his answer. But we need not inquire into the correctness of the ruling as, in view of the judgment of affirmance by this court, defendant will be required to pay all the cost. The order therefore works no prejudice to defendant.

**8. ——: costs** wrongfully made and taxed.

X. The case is presented to us upon an abstract of 317 printed pages. Plaintiff's counsel, with good cause, complain of the unnecessary prolixity of the abstract. We are satisfied that the cause could have been presented in less than 100 pages, and had we been directed by the law to a different result, we would not have taxed against the plaintiff the cost of more than that number. It is needless that we visit defendant with a penalty for the violation of the rules. He inflicts his own punishment by making an excessive bill of cost which he must himself pay.

**9. SAME.**

The forgoing decision disposes of all questions in the case. The judgment of the Circuit Court must be.

AFFIRMED.