112   168
118   629

112   168
120   372
122   392

112   168
127   162

112   168
142   519

R. W. CARRAHER, Appellant, v. R. H. ALLEN, Appellee.

**Statute of Frauds:** PROMISE TO PAY DEBT OF ANOTHER: *Separate consideration.* Plaintiff bought certain threshing machinery and extras from defendant, as agent for the manufacturer, by written contract, agreeing therein to pay the freight on them. At the time of the purchase defendant, individually, agreed, orally with plaintiff that, in consideration of the purchase and as an inducement to make the same, and in consideration of defendant's commission to be received from the sale, he would

pay the cost of such freight and extras. *Held*, that plaintiff, having been compelled to pay the manufacturer for such freight and extras could recover the same from defendant, since defendant's promise, being on a separate consideration, was not within the statute of frauds, as a promise to pay the debt of another.

DAMAGES: *Proximateness.* In a suit to recover freight so paid, plaintiff was not entitled to recover damages for loss of time, etc., in defending the manufacturer's suit for the freight, since such damages were too remote.

Principal and Agent: *Agents liability for tort.* Where defendant, acting for another, sued out an attachment against plaintiff's property, without probable cause for believing that the statements of the grounds for attachment were true, the fact of defendant's representative capacity did not relieve him from liability for malicious prosecution, since the relation of principal and agent is not recognized in actions of tort.

*Appeal from Sac District Court.*—HON. S. M. ELWOOD, Judge.

SATURDAY, OCTOBER 13, 1900.

ACTION at law to recover certain freight charges on a threshing machine sold plaintiff, which it is alleged defendant agreed to pay, and for damages growing out of a suit instituted by defendant, as agent of the J. I. Case Threshing-Machine Company, against plaintiff. The trial court sustained a demurrer to the petition, and plaintiff appeals. —*Reversed.*

*Lohr, Gardiner & Lohr* for appellant.

*W. A. Helsell* for appellee.

DEEMER, J.—As the correctness of the ruling on the demurrer is challenged, a brief statement of the allegations of the petition is needed to a correct solution of the point involved. The petition is in three counts. In the first it is alleged, in substance, that plaintiff purchased of the J. I. Case Threshing-Machine Company a separator, traction engine, and other appliances belonging to the machine, by

written contract, for the sum of $2,326, and that plaintiff, by the terms of the agreement, was to pay the freight thereon; that defendant was the agent of the machine company, and in consideration of plaintiff's purchase, and of his (defendant's) commission as agent, and as an inducement to the sale, orally agreed to pay the freight on the machinery and the amount necessary to supply the machine with extras; that thereafter suit was brought against plaintiff by defendant as agent of the machine company for the collection of the freight and extras aforesaid, resulting in a judgment for the plaintiff in that suit for the sum of $91.22 and costs, which amount plaintiff herein was compelled to pay to the machine company; that defendant has refused to comply with his agreement and judgment is asked against him. The second count asks damages against defendant for the alleged wrongful institution of the suit for the collection of the freight charges and the account for extras, based on the defendant's refusal to perform his contract. The third is for damages because of the alleged wrongful, malicious, and willful suing out of a writ of attachment in the action for the recovery of the freight, etc. This is based on the breach of the aforesaid contract, and on the further fact that the grounds stated as cause for attachment were false in fact, and that defendant, who acted as agent for the machine company in all matters relating to the suit, had no reason to believe them to be true. Actual damages to the amount of $312.77 and exemplary to the amount of $200 are asked. The demurrer raises the questions hereafter discussed, and the grounds thereof need not be more specifically stated.

It is said that the agreement pleaded in the first count of the petition is without consideration, and within the statute of frauds. The consideration for a contract may consist in some benefit or advantage to him who makes the promise, or in some loss or disadvantage to him to whom it is made. The first count of the peti-

tion clearly alleges that the defendant, in his individual capacity, promised to pay the freight on the machines and the account for extras, in consideration of the commission that would accrue to him as agent on the purchase price of the machine. This was surely such a benefit to him as to furnish a consideration for his promise. Again, the plaintiff, by reason of the promise, was, according to the allegations of the petition, induced to incur an obligation amounting to more than $2,300. This was also such a disadvantage to him as will support the contract. *Harlan v. Harlan,* 102 Iowa, 704. When the promise, although in form to pay the debt of another, is founded on a new consideration, which passes between the parties, and gives to the promisor a benefit which he did not enjoy before, and would not have possessed but for the promise, it will be regarded as an original undertaking, and need not be in writing. The statute of frauds does not apply to such a case. *Harlan v. Harlan, supra; Chamberlain v. Ingalls,* 38 Iowa, 300; *Johnson v. Knapp,* 36 Iowa, 616; *Mills v. Brown,* 11 Iowa, 314. These principles are so elementary that they do not need reinforcement from the authorities. The allegations of benefit to the defendant clearly take the case out of the statute of frauds.

Some claim is made that the damages claimed cannot be recovered, and that defendant's liability, if for anything, is for the amount of the freight and other charges, with 6 per cent interest. The petition recites sufficient facts to entitle plaintiff to recover some amount, and the prayer is broad enough to allow him the sum which, it is conceded, he is entitled to, if he is entitled to anything. The demurrer to the first count should have been overruled.

II. The second count seems to be based on a breach of defendant's agreement to pay the freight, and a claim that, by reason of the institution of the proceedings by the defendant as agent of the machine company, plaintiff suffered loss in being compelled to defend against the proceedings and in the deprivation of the use of his property. These damages were clearly remote and con-

tingent. The threshing-machine company had the undoubted right to bring action on its contract, and defendant, as its agent, was not liable, by reason of his breach of contract to pay the freight, etc., for the time lost by plaintiff in defending against the action brought by the machine company. The demurrer to the second count was properly sustained.

III. The third count really involves two propositions: *First,* the alleged breach of contract by defendant; and *second,* the alleged wrongful suing out of the attachment. As the machine company had an undoubted right of action against plaintiff on his contract, the bringing of the suit through its agent did not make the agent liable no matter what his motives. Defendant was not bound to pay the machine company, the amount of the freight, extras, etc. It may be that the company could have compelled him to respond under his contract, although that point is not determined, but it was under no obligation to do so. Its contract was with the plaintiff, and it had the right to sue plaintiff for breach thereof. Defendant was not obliged to pay the company. His promise was with plaintiff, and for failure to perform he was liable. The extent of his liability is measured by the contract, however, and plaintiff could not, by defending against the action brought by the machine company, increase the liability to him. While the allegations as to the wrongful suing out of the attachment are not as specific as they might be, we understand the third count of the petition to contain a cause of action for the wrongful suing out of an attachment against the plaintiff's property without reasonable or probable cause to believe the statements made as grounds for the attachment to be true. An action will lie for the wrongful and malicious institution of a civil suit, where an attachment has been issued as auxiliary to the main action. *Wetmore v. Mellinger,* 64 Iowa, 741. And such action need not be by counterclaim on the attachment bond, nor need it be on the bond. *Tallant v. Gaslight Co.,* 36 Iowa, 262 ; *Frantz v. Hanford,* 87 Iowa, 469. The mere fact that defendant, in instituting the proceed-

ings, acted as agent for the company does not relieve him. "In torts the relation of principal and agent does not exist. They are all wrongdoers, * * * and the liability of each and all does not cease until payment has been made or satisfaction rendered, or something equivalent thereto." *Berghoff v. McDonald,* 87 Ind. 549; *Bell v. Josselyn,* 3 Gray, 309; *Osborne v. Morgan,* 130 Mass. 103. While, as we have said, the allegations of the third count of the petition are somewhat obscure, and may not, had the case stood on this count alone, have been sufficient to justify us in reversing the trial court, we are nevertheless constrained, in view of the disposition made of the first count, and in the light of counsel's arguments, to indicate our views on all the propositions involved. The demurrer to the first and third counts of the petition should have been overruled.—RE-VERSED.

GRANGER, C. J., not sitting.