W. D. TRACEWELL, Appellee, v. W. L. SANBORN, Defendant; LAWTON SAVINGS BANK, Appellant.

No. 40556.

OCTOBER 21, 1930.

*Pitkin, Hess & Bowes,* for appellant.

*C. M. Walters,* for W. L. Sanborn, defendant.

*Strong & Seff,* for appellee.

FAVILLE, J.—W. L. Sanborn appears in the title of said cause, but, as the issues were finally joined, no relief was sought as against him.

I. Appellee's cause of action is predicated upon the theory that he was the owner of certain land which he leased to one Luscombe for a cash rental. The appellant bank had a chattel mortgage upon Luscombe's property, to secure an indebtedness which Luscombe owed to said bank. It appears from the evidence that Luscombe sold grain raised on said premises to the Sanborn Elevator Company, and that said company gave Luscombe checks for the purchase price of said grain, drawn on the appellant bank. Said checks aggregated about $500 in excess of the rent then due. Luscombe delivered said checks to the bank, and it is contended by the appellee that at said time Luscombe informed the officer of the bank in charge of said matter that the rent of the premises which he had occupied had not been paid, and that he informed said officer of the amount of said rent, and that said officer then promised to take care of or pay the same, and that thereupon Luscombe left said checks with said bank. The officer of the bank denied the conversation as claimed by Luscombe, and contended that the amount of said checks was indorsed upon Luscombe's indebtedness to the said bank with Luscombe's consent.

Appellant contends that the court erred in overruling its motion for a directed verdict. The evidence clearly presented a disputed question of fact, which the court properly submitted to the jury for their determination. The court did not err in overruling the motion for a directed verdict.

II. Appellant contends that the alleged agreement is within the statute of frauds, in that it was, at most, a mere promise on the part of the bank to answer for the debt of Luscombe.

 Under the facts as claimed by appellee, the statute of frauds is not available to the appellant. Under appellee's contention, which he offered evidence to support, the promise of the appellant to pay the rental to appellee arose out of a new and original consideration or benefit between Luscombe and the bank. In *Mills v. Brown*, 11 Iowa 314, we said:

"The authorities unite in declaring that, whenever the main purpose of the person promising is not to answer for another, but to subserve some object of his own, the promise is  not within the statute of frauds, although *in form* it may be a promise to pay another's debt, and although incidentally the performance of it may have the effect of extinguishing the liability of another."

See, also, *Johnson v. Knapp*, 36 Iowa 616.

The record brings the case within the rule of the cited cases. That appellee could, under such circumstances, maintain the action against the promisor bank is well established. *Mills v. Brown*, supra; *Johnson v. Knapp*, supra; *Durband v. Nicholson*, 205 Iowa 1264.

We find no error in the record, and the judgment appealed from is—*Affirmed*.

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.