CYRUS HOTCHKISS *v.* C. I. LADD & CO.

*Partnership. Promissory Notes. Evidence. Estoppel.*

The plaintiff claimed that the defendants W. and L. agreed between themselves on a certain day to buy the plaintiff's store of goods and form a partnership for carrying on the business; and thereafter W., acting for himself and L. and under the direction of L., purchased the goods upon their joint credit, but giving his individual notes therefor, in pursuance of an agreement between them that they were to be jointly liable thereon, and that they formed the partnership according to the arrangement, and soon after jointly promised the plaintiff to pay him the amount of the notes as they should fall due, and that L. promised W. to pay one half of the notes. L. denied all promises and obligations on the notes, and requested the court to charge the jury "that no verbal promise of L., either to the plaintiff or W., would make L. liable on the notes, or for the goods for which they were given." *Held* that under the former decision of

44

this case, 36 Vt., 593, L. was entitled to a charge substantially according to the request, as to his being liable on the notes; but as to his being liable for the goods, the charge should have been according to the interpretation which the court in the former suit held that the declaration might bear, to the effect that, in consideration of the delivery of the goods by the plaintiff to the defendants, they jointly verbally promised to pay the price of them as specified in the notes of W.

The plaintiff filed an amended declaration, in which he sought to charge the defendant L. upon facts materially different from those set up in the original declaration. *Held* that under the circumstances of this case the original declaration should be weighed by the jury as tending to discredit the plaintiff's testimony in support of the amended declaration.

ASSUMPSIT in special and general counts. Pleas, the general issue, statute of limitations and set-off. Trial by jury, and verdict for the plaintiff, at the September term, 1868, WILSON, J., presiding.

The special counts of the original declaration were substantially as follows:

On or about the 20th day of October, 1845, one John Swan and Thomas L. Bates were doing business as merchants, at Georgia, Vt., under the name and firm of Swan & Bates, and as such merchants, owned a large stock of goods, of the value of twenty-five hundred dollars. That on the same day the defendants made an arrangement between themselves, by which it was agreed that they would purchase out said stock of goods from Swan & Bates, and go into the business of merchandizing as copartners; that it was also agreed that defendant Warner should make said purchase in his own name, give his notes for the amount of the purchase money, and that upon the completion of said purchase the copartnership should be formed between them, and they as such partners would jointly take and assume upon themselves the payment of the notes thus given by Warner to Swan & Bates. That afterwards, on the 22d day of October, 1845, in accordance with said arrangement, Warner made the purchase of said stock of goods from Swan & Bates, and on the same day Warner executed and delivered to Swan & Bates four notes for the sum of $1691.08, payable to said Swan & Bates or bearer, (said notes being fully described and the last one payable in five years from date,) which notes were dated the 22d day of October, 1845, and signed by the said Warner for the joint benefit of the said Warner and said Charles I. Ladd; and on the same day Warner took possession of said goods for the joint benefit of Warner & Ladd. That on the same day Warner & Ladd formed their copartnership according to their previous arrangement, under the name of C. I. Ladd & Co., and thereupon Warner transferred to Ladd an equal undivi-

ded half of said stock of goods, and Warner & Ladd became equal partners and owners of said stock of goods; Ladd agreeing jointly with Warner to pay said notes as the consideration for the transfer of the same by Warner to Ladd. That on the same day, Swan & Bates, being largely indebted to the plaintiff, transferred and delivered said notes to the plaintiff, with the knowledge of the defendants and by the defendants' consent. That on the same day, in consideration that said notes were given for the purchase money of said goods and the transfer of an equal undivided half of the same to Ladd as aforesaid, the defendants did jointly promise and agree with the plaintiff to pay him the amount of said notes as they should respectively fall due.

The second count alleged that after the maturity of said notes the defendants promised to pay them in consideration of the plaintiff's forbearance to collect them for five years.

The amended declaration was substantially as follows: On or about the 20th day of October, 1845, at said Georgia, the plaintiff Cyrus Hotchkiss, John Swan and Thomas Bates in company doing business at said Georgia, under the name and firm of Hotchkiss, Swan & Company, owned a large stock of goods, of the value of twenty-five hundred dollars. That on the same day, the defendants at Georgia entered into an agreement between themselves by which it was agreed between them to purchase said stock of goods of the said Hotchkiss, Swan & Company, and go into the business of merchandising in partnership at said Georgia. It was also agreed between them that the said William K. Warner should make the purchase in his own name, but for the joint benefit of both defendants, and should give his own individual notes for the value of said goods, which notes by agreement between the defendants were to be and constitute a joint liability to Hotchkiss, Swan & Company. That on the 22d day of October, 1845, in pursuance of said arrangement between the defendants, and by the express direction and with the concurrence of the defendant Ladd, Warner applied to the said Hotchkiss, Swan & Company for the purchase of the said stock of goods for the joint and partnership benefit of said defendants; and Hotchkiss, Swan & Company thereupon sold and conveyed said stock of goods to the defendants, and in payment therefor Warner executed his individual notes the same as described in the original declaration.

Said notes were dated on the 22d day of October, 1845, and on the same day, with the knowledge and consent of Ladd and Warner, were delivered to the plaintiff in payment for said goods, who then held and now holds the same as his own property absolutely,

and thereupon the said goods were delivered by the plaintiff to said defendants. In consideration whereof, and especially in consideration of the acceptance of said notes by the plaintiff, as security for the payment for said goods so purchased for the joint benefit of the defendants, and in consideration of the transfer and delivery of the same by the plaintiff to the defendants, for which transfer and delivery said notes were given as aforesaid, the defendants jointly promised and agreed with the plaintiff to pay him the several sums specified in said notes respectively as they should severally fall due and become payable.

To the count in the amended declaration the defendant Ladd pleaded the general issue and the statute of limitations, and filed a plea in set-off.

The plaintiff relied on the amended or new count of his declaration. The notes described in the declaration were offered in evidence and received without objection. The plaintiff's evidence tended to prove the facts alleged in said new count.

The defendant Ladd introduced testimony tending to prove that the goods were purchased by Warner on his own credit and on his own account, before the partnership between them was formed; that he never authorized Warner to use his name or credit in the transaction, or knew that he did so, and never agreed or proposed, either to him or to the plaintiff, to be or to become liable on the notes or for the goods in any way, and never knew that he was so regarded by either; that he never admitted any such liability to the plaintiff, or promised any payment thereon. That the payments made by him were made out of the assets of the firm of Ladd & Warner, at Warner's request; that he had agreed in forming the partnership that Warner should be paid out of the proceeds the amount he had paid or had become liable to pay the plaintiff for the goods. And that except a small sum there was no remaining assets in his hands belonging to the firm, upon a just settlement between himself and Warner.

That the notes of the firm of Ladd & Warner were drawn up to be executed to Warner for the same amount he, Warner, had become liable to plaintiff for, as the agreement between Ladd & Warner was, but for some reason remained unexecuted, and that no claim was ever made on him for payment on the notes of War-

ner to the plaintiff except out of the partnership funds at Warner's request, and as applicable on the firm liability to Warner, for more than fifteen years after the date of said notes.

He further gave evidence tending to show, that the plaintiff never did become a partner with Swan & Bates, or a joint owner of the goods in question, and had denied that he was ever such a partner.

The bill of exceptions embraced an extended statement of facts and numerous other questions that were raised upon the trial, but the disposition made of the case in the supreme court renders a further statement unnecessary.

The defendant Ladd requested the court to charge the jury as follows:

1st, That if the notes of Wm. K. Warner were taken in payment for the goods at the time of their purchase, the plaintiff cannot recover.

2d, That unless they find that the co-partnership of C. I. Ladd & Co. was formed before the purchase of these goods, the plaintiff cannot recover—if the facts are as Ladd testified, plaintiff cannot recover.

3d, That no verbal promise of Ladd either to Hotchkiss or Warner, after the goods were bought by Warner, would make Ladd liable on the notes, or for the goods for which they were given.

4th, That unless the goods were the property of Hotchkiss, Swan & Co., the plaintiff cannot recover.

5th, That there can be no recovery by the plaintiff for the goods, because from all the evidence they either belonged to Hotchkiss, Swan & Co., or to Swan & Bates.

6th, That if the last proposition is correct, there can be no recovery for the goods sold in December, 1845.

8th, That under the circumstances shown in this case, under which the original declaration and the amended declaration were made, the plaintiff is estopped from denying the facts stated in the original declaration in relation to the ownership of the goods, and from setting up a partnership or joint interest between Ladd & Warner, before or at the time of Warner's purchase of the goods.

9th, If the court do not instruct the jury that the plaintiff is estopped from denying the facts set up in the first declaration, at least that declaration is strong evidence to be weighed by the jury in determining who owned the goods, and whether there was

such a firm as Hotchkiss, Swan & Co., and whether Ladd was a partner with Warner in the original purchase, or jointly interested therein.

The court charged the jury in accordance with the defendants' 1st, 2d, 3d, 4th, 5th and 6th requests, except so far as the charge hereinafter detailed conflicts with said requests.

Upon the subjects of the 8th and 9th requests, the court, after calling the attention of the jury to the facts stated in the original declaration, and also to the facts stated in the amended declaration, charged the jury as follows:

The original declaration is *prima facie* evidence that the plaintiff, before this suit was commenced, stated to the attorney who drew up the original declaration, the facts set forth in that declaration, and claimed they were true.

The facts set forth in the original declaration, in relation to the ownership of the goods, and to whom and upon whose credit they were sold, are evidence, and they tend to contradict and disprove the facts stated in the amended declaration. The facts stated in the original declaration tend to show that Swan & Bates owned the goods, and sold them to Warner upon his sole credit; that the plaintiff was not a partner with Swan & Bates, and that Ladd was not a partner with Warner in the original purchase, nor interested therein. But if the jury should find, as the plaintiff's testimony tends to show, that the plaintiff, before the original declaration was drawn up, stated to the attorney who drew up that declaration the same facts that are stated in the amended declaration, and instructed his attorney to commence this suit upon the facts that are stated in the amended declaration, and find that the plaintiff did not state or represent the facts of this case as stated in the original declaration, then the facts stated in the original declaration will not be entitled to very much weight as tending to show that the plaintiff was not a partner with Swan & Bates, nor as tending to show that Ladd was not a partner with Warner in the original purchase.

The court further charged the jury that if the jury should find that the plaintiff and Swan & Bates were partners and owners of the goods, and that the defendants were partners when the goods were purchased and the notes given, and that by agreement between the defendants Warner was to purchase the goods upon the credit of both defendants and gave his notes, and both defendants were to be liable to pay the notes, and this was made known to the plaintiff by Warner at the time of the purchase, and the plain-

tiff sold the goods upon the credit of both defendants and rely-
ing upon the liability of both defendants upon the notes, then the
defendant Ladd is liable upon the notes, unless they are barred by
the statute of limitations as to him.  Or if the jury should find
that the plaintiff and Swan & Bates were partners and owners of
the goods, and the plaintiff had the right to sell them and have
the proceeds, and it was agreed between the defendants that the
defendants were to become partners in respect to the goods, pro-
vided they could be purchased, and Warner was authorized by
agreement between him and Ladd to purchase them on the credit
of both defendants and give his notes, and by agreement between
him and Ladd, the latter was to be jointly liable with Warner
upon the notes, and this was made known to the plaintiff at the
time of the sale, and he sold and delivered the goods upon the
credit of both defendants and received the notes relying upon the
liablility of both defendants to pay them, then the defendant Ladd
is liable upon the notes, unless they are barred by the statute of
limitations as to him.

To the refusal of the court to charge, wherein the court de-
clined to comply with the defendants' request, the defendant Ladd
excepted.

*H. B. Smith* and *E. J. Phelps*, for the defendant Ladd.

*H. S. Royce* and *H. R. Beardsley*, for the plaintiff.

Argued at January term, 1870.  Held for advisement.  Decis-
ion announced, January term, 1871, in the following opinion by

BARRETT, J.   When this case was decided, 36 Vt., 593, upon
the questions then presented, the court held, with some hesitation,
and not with full satisfaction to any members of it, that the de-
claration in the added count might bear an interpretation to the
effect that, in consideration of the delivery of the goods by the
plaintiff to the defendants, they jointly verbally promised to pay
the price of them as specified in the notes given by Warner,—not
that they became jointly obligated by the notes, or that Ladd be-
came in any way bound by the notes as contracts to which he was
a party.   Upon the interpretation thus held to be allowable,
Ladd's liability accrued subsequently to the contract of sale nego-
tiated by Warner, and to the giving of the notes by Warner, and

accrued solely by his verbal promise alleged to have been made in consideration of the delivery of the goods to the defendants. It seems necessary thus to recur to that decision in order correctly to apprehend and appreciate some of the questions now presented for decision.

The trial in the county court proceeded on the assumption that, for the goods negotiated for by Warner in October, 1845, the recovery must be had, if at all, under the new count.   The third request of the defendant Ladd was, " that no verbal promise of Ladd, either to Hotchkiss or Warner, after the goods were bought by Warner, would make Ladd liable on the notes, or for the goods for · which they were given."   Under the former decision it is plain that, as to Ladd's being liable on the notes, the request was well founded ; and that, as to his being liable for the goods, the case should have been put to the jury upon the theory of the interpretation given to the declaration by that decision.   In the exceptions it is said that the court charged in accordance with the first six requests of the defendant, except so far as the charge thereafter detailed conflicts with those requests.   When we look forward into the charge as detailed, it would seem that the learned judge had not in mind the interpretation given to the amended count by the supreme court.   He said, " if the jury should find that the defendants were partners when the goods were purchased and the notes given, and that, by agreement between the defendants, Warner was to purchase the goods upon the credit of both defendants, and give his notes, and both defendants were to be liable to pay the notes, and this was made known to the plaintiff by Warner at the time of the purchase, and the plaintiff sold the goods upon the credit of both defendants, and relying on the liability of both defendants upon the notes, then defendant Ladd is liable upon the notes."   This would seem to be tantamount to adopting the construction and meaning of that count claimed by the defendants on the former trial ;—in relation to which the court, by POLAND, Ch. J., said, " If this be the meaning, it is a clear case of a collateral promise within the statute of frauds, and doubtful as to consideration, even if the promise were in writing." Upon a slightly different hypothesis of facts the judge proceeds

to put an alternative proposition to the jury, saying, " if Ladd was to be jointly liable upon the notes with Warner, and this was made known to the plaintiff at the time of the sale, and he sold and delivered the goods upon the credit of both defendants, and received the notes relying on the liability of both defendants to pay them, then the defendant Ladd is liable upon the notes."

In both those forms of putting the case to the jury, the notes are treated as having been received in payment for the goods, and this suit as having been brought to enforce them. This is in conflict with the view in which alone the supreme court decided, *supra*, that the defendant Ladd can be held liable under the amended count. In that view the notes of Warner were taken by the plaintiff as *security* merely, and not as payment. They were given in consideration of the sale and purchase negotiated by Warner—Ladd not becoming liable thereby, but solely, if at all, by reason of his subsequent verbal promise, upon the consideration that the plaintiff would deliver the goods in pursuance of such bargain made with Warner. This mode of putting the case to the jury palpably conflicts with said third request, and is in itself erroneous. For this reason the judgment is to be reversed.

Though several other points have been discussed, we withhold any intimation of views upon most of them, thinking it probable that the course of another trial may be such as to render them of no importance in such trial. There is one subject, however, on which we regard it proper to make a suggestion, viz : what consideration should be given to the original special declaration, as affecting the proof of the facts set forth in the amended count. We are not prepared to hold that it operates by way of *estoppel*. At the same time the impression must be strong upon the professional mind that such a count as the first one would not have been drawn by the learned attorney who drew it, if the facts had not been stated to him by his client substantially as they are set forth in that count. It is not one of those formal counts that are made up mainly of technical fictions upon a substratum of real facts that need not be specifically averred. On the contrary, its whole structure and substance and gist are made up of specific facts, in virtue of which the alleged liability of the defendant Ladd was

45

claimed to have arisen. As such it was entered in court as showing the cause and right for which the suit was brought. It is apparent, upon slight consideration, that Mr. Ladd could not be charged with liability upon that count. The new count was filed after the cause had been entered in court, and in it the transaction alleged, upon which it is now sought to charge Ladd with liability, is entirely different in its material facts from that set forth in the first count. It cannot fail to occur to any appreciative and reasoning mind to inquire why the learned and skilled attorney who drew the declaration set forth in it a transaction in detail which clearly gave no right of action against Mr. Ladd, unless the transaction had been stated to him in its main facts as it is thus set forth ; nor fail with increased interest to inquire why he did so, if in point of fact his client, the plaintiff, had told him that the transaction was as it is stated in the amended count. If the bill of exceptions gives a correct and adequate view of the standing of the case upon this subject, we think the defendant Ladd was warranted in making the ninth request, and that the court would not have transcended just limits of judicial propriety if the substance of that request had been incorporated into the charge, to the effect that said first count tended strongly to show that the plaintiff stated the facts to his attorney in substance as they are therein set forth ; and the facts therein set forth tend strongly to contradict and disprove the facts set forth in the amended count, and were entitled to weigh strongly against the credit to be given to the plaintiff's testimony, to the effect that before the original declaration was drawn up, he stated to his attorney the same facts that are set forth in the amended count,—with other instructions and advice, such as the state of the evidence would render proper on this subject, in order that the jury might most adequately appreciate the real significance of that first count as bearing upon the truth of the facts set forth in the amended count.

Without further discussion, the judgment is reversed, and the cause remanded.